Thompson *v.* Moore.

---

(\*) THOMPSON *versus* MOORE.

A sale of goods may be valid between the vendor and vendee, though made with a design by both of them to defraud the creditors of the vendor.

In a suit by the vendee, for the value of the goods, against a third person who had appropriated them to his own use, the plaintiff's fraudulent design in purchasing the goods cannot be set up as a defence.

A mortgagee of goods, to whom they have become forfeited by the mortgager's neglect to pay the debt, may, even after selling the goods, waive the forfeiture, and thereby entitle the mortgager to recover of him the surplus avails over the amount due upon the mortgage.

---

(\*) This and the previous cases in this volume, and all subsequent cases with this mark, were prepared by JUDGE REDINGTON, former Reporter.

Thompson *v.* Moore.

On Exceptions from *Nisi Prius*, Shepley, C. J., presiding. Assumpsit.

The defendant owned a store in Newfield, and had a small lot of old goods remaining in it, which he authorized one John M. Thompson to sell for him.

John M. Thompson then went to Boston, and purchased, upon his own credit, goods amounting to twelve hundred dollars. He brought them to Newfield, and, before the packages were opened, sold them to his brother, this plaintiff, together with the defendant's goods, which were in the store.

The Boston creditors immediately afterwards attached the goods in a suit against John M. Thompson. That suit was compromised by the plaintiff's giving to the creditors his note payable in thirty days to the amount of fifty per cent. of their debt, and mortgaging the goods to secure the note. Within the thirty days the said payees sold the note and transferred the mortgage to the defendant, who, within sixty days from the pay-day of the note, sold a part of the goods, though not to an amount sufficient to pay the note. After the expiration of the sixty days he sold the residue. The whole of the sales amounted to enough to pay the note and leave a surplus of about $480, which he said belonged to the Thompsons, and which he was ready to pay them, if they would execute a proper discharge.

This suit is brought by Charles Thompson, the said mortgager, to recover said surplus.

There was much testimony tending to prove that the sale from John M. Thompson to the plaintiff was fraudulent, and made with a design between them to defraud John M. Thompson's creditors.

The Judge was requested to instruct the jury that, if said sale had been made fraudulently, and with the design aforesaid, this action is not maintainable. That instruction was not given, but the Judge instructed the jury, *that* it was not material for them to decide or inquire whether the sale from John M. Thompson was fraudulent as to his creditors, inasmuch as the plaintiff does not present himself as one of such

creditors; *that* if payment or tender of the amount due on the note, had not been made within sixty days from the pay-day named in the mortgage, the defendant being the assignee, became the absolute owner of the goods by the statute for-feiture of the plaintiff's rights; but *that* it was, however, competent for the defendant to waive such forfeiture; and *that* if he had understandingly and deliberately done so, they might return a verdict for any balance justly due from him to the plaintiff. The verdict was for the plaintiff, and the defendant excepted.

*May* and *Ingalls*, for the defendant.

*Gould*, for the plaintiff.

WELLS, J. — The defendant was not a creditor of John M. Thompson, and had no right to question the sale made by him to the plaintiff. Such sale was valid between the parties, al-though a fraud might have been intended against the creditors of the vendor. *Nichols* v. *Patten*, 18 Maine, 231. But a compromise was made with those creditors, and a mortgage given to secure their debt. The mortgage was subsequently purchased by the defendant, and he became authorized to hold the goods mortgaged, unless they were redeemed by the plain-tiff, the mortgager.

If the mortgaged property is not redeemed within sixty days after the breach of the condition, the title of the mort-gagee becomes absolute. But he may extend the time of per-formance, and waive the forfeiture. *Green* v. *Dingley*, 24 Maine, 131. *Flanders* v. *Barstow*, 18 Maine, 357; Green-leaf's Ev. § 304. It appears that the defendant sold a part of the goods mortgaged within sixty days after the mort-gage became payable, and before his title had become absolute. This conduct would imply an understanding; that a disposi-tion should be made of the property different from that pre-scribed by law. There does not appear to be any error in the instructions. *Exceptions overruled.*

HOWARD, RICE and HATHAWAY, J. J., concurred.