Townsend v. Petersen.

1. Appealable Order Under Act of April 23, 1885.— An interlocutory judgment or order overruling exceptions to and confirming the report of a referee, in an action for dissolution of a copartnership, for an accounting, and to have certain lands to which defendant held the legal title declared to be partnership property, the findings on these points being in favor of the plaintiff, is in its effect a final adjudication, and as such appealable under the act of April 23, 1885, although the trial court held that certain findings of the referee were not conclusive, and would be subject to modification on final hearing.

2. Deed — Mortgage — Oral Testimony.— A deed absolute in form may be proved by oral testimony to be a mortgage, but the proof should be clear and certain beyond a reasonable doubt.

3. Copartners — Accounting and Dissolution.— Where a partner borrows money of his copartner, and executes to him a conveyance of property in good faith as security for the loan, subsequent fraudulent acts of the grantor in relation to other creditors cannot be set up by the copartner as a bar to his equity of redemption, nor as a defense to an action for an accounting and a dissolution of the copartnership.

*Appeal from District Court of Montrose County.*

The appellee, John E. Petersen, as plaintiff below, commenced this action against the appellant, Thomas B. Townsend, as defendant, alleging in his complaint that the plaintiff and defendant had been, and still were, copartners in the mercantile business in the town of Montrose, Colorado, and praying that certain real estate of which defendant held the legal title might be declared to be partnership property, for a dissolution of the copartnership, for an accounting, and for other relief.

It appears that plaintiff had been the sole owner of said mercantile business, but that in January, 1883, he sold a half interest therein to defendant, and also conveyed to defendant a half interest in certain real estate in said town of Montrose; and thereupon the partnership was established, as alleged in the complaint. In May, 1883, plaintiff, being financially embarrassed, conveyed by deed his remaining half interest in said real estate, and by bill of sale all his interest in said partnership business and property to defendant, and received therefor the sum of $975. Plaintiff contends that said sum was a loan, and that said deed and bill of sale were, and were intended to be, mortgages, as security for said loan; and that defendant executed an obligation in writing, agreeing to reconvey said property to plaintiff upon payment of said loan and interest.

Defendant's amended answer contains several matters of defense, which, so far as they are essential to an understanding of the opinion, are to the following effect: (1) That the deed and bill of sale of May, 1883, were not intended as mortgages, but as absolute conveyances of both the real and the personal property; and that there was then and there a dissolution of the copartnership. (2) That the deed and bill of sale of May, 1883, were absolute conveyances in form and in fact; but that there was an agreement whereby plaintiff was entitled to repurchase at any time on or before six months, but not afterwards, and that by the terms of said agreement time was, and was intended to be, of the essence of the contract, and that plaintiff failed to repurchase within the specified time. (3) That said deed and bill of sale were executed with intent on the part of plaintiff to cheat, hinder, delay and defraud his creditors; and therefore plaintiff is estopped and precluded from asserting any claim to said property or any part thereof.

Plaintiff took issue upon the new matters alleged in the answer, and the cause was referred "to ascertain

whether there had been any dissolution of partnership, any settlement of their affairs, and whether the conveyance in question was to be construed as a mortgage or as an absolute conveyance of the property." The findings by the referee were favorable to plaintiff. There was no finding upon the defense setting up the statute of frauds, though evidence was taken thereon and reported by the referee. · On exceptions to the report the court held that the defendant could not take advantage of the statute of frauds as a defense to plaintiff's action, over-ruled the exceptions, and confirmed the report, subject to certain modifications on final hearing. The defendant appeals.

Act April 23, 1885 (repealed), section 1, provides that "the supreme court has appellate jurisdiction over all, and decisions of all, other courts of record, as well in case of civil actions as in proceedings of a special or independent character.   *   *   *" Section 2 declares that "an appeal may also be taken to the supreme court from the following orders:   *   *   *   (1) An order made affecting a substantial right in an action where such order in effect determines the action and prevents a judgment from which an appeal might be taken.   *   *   *" By Code Civil Procedure, section 263, "a mortgage shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without foreclosure and sale, and the fact of a deed being a mortgage in effect may be proved by oral testimony.   *   *   *"

Messrs. T. J. BLACK, S. H. BAKER and BROWNE & PUT-NAM, for appellant.

Mr. N. G. CLARK, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This is an appeal from an interlocutory judgment or order overruling the exceptions to the report of the ref-

eree, and confirming such report as to certain matters. The order of confirmation was in effect a final adjudication as to all those matters at issue wherein the findings of the referee were sustained by the court, to wit: That the quitclaim deed and bill of sale of May, 1883, by plaintiff to defendant were given as mortgages to secure a debt of $975, with interest at fifteen per cent. per annum; that there had been no dissolution of copartnership between plaintiff and defendant, and no settlement or accounting concerning the partnership property.

Under the act of April 23, 1885, this was undoubtedly an appealable order, notwithstanding the interlocutory decision of the trial court to the effect that certain findings of the referee were "not conclusive," but would be "subject to review and revision upon the final hearing of the case." The trial court also held that the defense of the statute of frauds was not of itself available in behalf of the defendant in a case of this kind.

The assignments of error relate principally to the sufficiency of the evidence to support the findings of the referee, and to the ruling of the court as to the sufficiency of the defense of the statute of frauds. A deed of conveyance, absolute in form, may be proved to be a mortgage in effect by oral testimony; but the proof should be clear, certain and unequivocal — sufficient to establish the fact beyond reasonable doubt. Code Civil Proc. § 263; *Whitsett v. Kershow*, 4 Colo. 419.

From an examination of the testimony we are satisfied that the deed and bill of sale executed by plaintiff to defendant in May, 1883, were subject to another writing executed by defendant contemporaneously therewith, whereby defendant bound himself to reconvey to plaintiff upon certain conditions; so plaintiff's deed and bill of sale cannot be said to have been absolute conveyances at the time of their execution. Both parties agree in their testimony thus far. The writing executed by defendant having been lost, secondary evidence of its contents was

admitted by the referee. This evidence was conflicting. But, considering all the circumstances of the case, we cannot say that the referee, who heard the living witnesses, was not justifiable in his findings of fact; and, the trial court having confirmed such findings, we do not feel warranted in disturbing them. *Hickox v. Lowe,* 10 Cal. 197.

The remaining question to be considered relates to the sufficiency of the third defense and the evidence relating thereto; for, while the trial court held the third defense insufficient as a matter of law, this ruling was not made until after the evidence was taken and reported thereon, so that we may fully consider the same. That there was a valuable consideration for the deed and bill of sale executed by plaintiff to defendant there can be no doubt; and that said instruments were intended as mortgages we have held was properly determined by the referee and the trial court. The plaintiff borrowed from defendant the sum of $975, and used the same, together with other moneys, to pay one of his most pressing creditors. He conveyed property to defendant by said deed and bill of sale of the value of $2,500 or $3,000 as security for such loan. He remained thereafter, for a year or more, assisting defendant, — keeping the books and attending to other business of said mercantile house, — and drawing funds out of the business from time to time, as a partner, with the knowledge and approval of defendant. The evidence, however, tends to show that to the public he did not appear as a partner after the execution of the deed and bill of sale; but that he represented said conveyances as absolute, and used them, temporarily at least, to hinder and delay his creditors, representing to them that he had no longer any interest in the business. Plaintiff not having repaid the $975 and interest, the question now presented by this record is, Can defendant make use of the fraudulent conduct of plaintiff in respect to said deed and bill of sale subsequent to their execution as

a bar to his equity of redemption in respect to said property, or as a defense to his claim for an accounting upon equitable terms concerning the partnership affairs?

Unquestionably, conveyances "made with the intent to hinder, delay or defraud creditors" are void "as against the persons so hindered, delayed or defrauded" (Gen. St. § 1526), and will be so declared when the injured person or his representative attacks such conveyances. 2 Chit. Cont. 1037; *Wyatt v. Freeman*, 4 Colo. 14. In this case, however, between the parties themselves, the conveyances appear to have been entered into in good faith and for a valuable consideration. The defendant loaned his money at a large rate of interest and took good security therefor. In executing the mortgage securities in the form of absolute conveyances the parties were accomplishing a lawful purpose in a manner not altogether uncommon and not necessarily fraudulent. Bump, Fraud. Conv. 40. It does not appear that at the time of executing the deed and bill of sale plaintiff expressed or entertained any intent to defraud his creditors. His manifest purpose,— and his only purpose, so far as we can discover, at that time,— was to raise money to pay one of his creditors; and it appears that he actually so applied the proceeds of the loan. Undoubtedly his creditors could have subjected his equity in the real and personal estate thus conveyed to the payment of their demands by resort to proper proceedings; but if defendant acted in good faith in the transaction, certainly plaintiff's creditors would not be permitted to impair defendant's security as mortgagee. *Phelps v. Curts*, 80 Ill. 109.

Under the circumstances of this case there would certainly be no justice or equity in allowing defendant to say to plaintiff: "Though you made these conveyances in good faith, for my benefit as mortgagee as well as for your own as mortgagor, and without any intent at the time to hinder, delay or defraud your creditors, nevertheless, as you have since used them as a shield against

your creditors, I will complete the swindle by denying you the right of redemption and the benefit of an accounting." In *Lathrop v. Pollard*, 6 Colo. 432, where a defendant sought to avail himself of a defense somewhat similar to this against the widow of the grantor, Mr. Justice HELM, speaking for this court, used the following language: "If she succeeded in her action, the rights of the creditors would not be interfered with in the least; on the contrary, it would be much easier for them to subject the property to the payment of their debts, for she would have relieved them from the difficult task of proving that Pollard held the same in trust for Lathrop at the time of the latter's decease."

Considering the pleadings and the evidence in the most favorable light in which they can be viewed in behalf of the defendant, we are of the opinion that they are not sufficient, under the circumstances of this case, to bar plaintiff's right of recovery. We express no opinion whether the third defense would or would not have been sufficient in law if the same had been challenged by demurrer before the evidence was taken, or supported by evidence of a different character. *Harvey v. Varney*, 98 Mass. 118; *Dyer v. Homer*, 22 Pick. 253; *Thompson v. Moore*, 36 Me. 47; *Sherk v. Endress*, 3 Watts & S. 255; *Hall v. Linn*, 8 Colo. 264.

The judgment of the district court is affirmed.

*Affirmed.*