## PEROT v. COOPER, ADMX.

1. PROMISSORY NOTE, CONSIDERATION WHEN PRESUMED.—The execution and delivery of a promissory note being admitted, the presumption in the absence of proof is that it is founded upon a sufficient consideration.

2. POSSESSION OF NOTE BY PAYEE, EVIDENCE OF WHAT.—In an action upon a promissory note the possession and production of the note by the plaintiff at the trial uncanceled and unextinguished by indorsements of payment or otherwise, are *prima facie* evidence that the plaintiff is the owner of the note and that it is unpaid.

3. PAYMENT AN AFFIRMATIVE DEFENSE.—A plea of payment being an affirmative defense, must be supported by a preponderance of the evidence in order to be effective in favor of the party pleading it.

4. AN ABSOLUTE DEED, WHEN ADJUDGED TO BE A MORTGAGE.—A conveyance absolute in form may be found and adjudged to be a mortgage in fact when it is shown by evidence clear, certain, unequivocal and trustworthy, that such instrument was executed, delivered, accepted and intended by the parties merely as collateral to secure the payment of a debt. But where there is a substantial conflict in the evidence, a mere preponderance is not sufficient to warrant a change in the character of a deed or other solemn instrument of writing.

5. APPLICATION OF PAYMENTS.—A person indebted on separate and distinct accounts is entitled to have his payments applied on such account or accounts as he shall direct; but if he makes a payment without directions, the creditor may apply the same to any debt due him at the time from such debtor.

6. APPLICATION OF PAYMENTS IMPLIED.—It is not necessary that the

debtor should give an express direction as to the application of tho payment; if from the circumstances of the case his intention as to its application may be clearly implied the creditor is bound to regard it. It will be presumed, in the absence of evidence to the contrary, that a payment is made upon a demand admitted rather than upon one in dispute at the time of making such payment. So, also, an undesignated payment will be applied to an interest-bearing demand rather than to one not bearing interest.

7. MISLEADING INSTRUCTION ERRONEOUS.—An instruction, even though correct as a proposition of law, if misleading as to the issues, inapplicable to the evidence, and calculated to prejudice the substantial rights of the losing party, cannot be held to be a harmless error.

*Error to District Court of Arapahoe County.*

THIS was an action by T. Morris Perot, plaintiff below, against Sarah F. Cooper as administratrix of Isaac Cooper, deceased. The complaint contained two causes of action: The first was founded upon three certain promissory notes executed on September 30, 1882, by Isaac Cooper for the aggregate sum of $20,000 and payable to the order of plaintiff six, nine and twelve months respectively after date, with interest at six per centum per annum after maturity.

The second cause of action founded upon a certain written contract between said Cooper and Perot executed at the same time as the notes, was upon defendant's motion dismissed by the court at the close of plaintiff's evidence.

The due execution and delivery of the notes were admitted in the answer. Every other allegation of the complaint was denied. The defense principally relied on was that before the commencement of the action, and on or about March, 1887, said Isaac Cooper paid, satisfied, and discharged the notes. The defense of payment and other affirmative defenses were traversed by the replication.

Verdict and judgment were rendered for defendant. Plaintiff brings the case to this court by writ of error.

Mr. R. H. GILMAN and Mr. I. E. BARNUM, for plaintiff in error.

Mr. H. T. BEMET and Mr. W. C. KINGSLEY, for defendant in error.

' MR. JUSTICE ELLIOTT delivered the opinion of the court.

The principal matters in controversy in this cause having occurred before the death of Isaac Cooper, both parties were placed at a disadvantage in the production of evidence—the defendant by the death of her intestate, the plaintiff by force of the statute. See Acts of 1870, p. 63; Mills' Annotated Statutes, sec. 4816.

It was admitted upon the trial that the consideration for the notes sued on was a loan of $20,000 made by Perot to Isaac Cooper on the day the notes bear date; and that said loan was also the consideration for the contract or "agreement" made between said parties on the same day, to wit, September 30, 1882. By the terms of said contract, Isaac Cooper, in consideration of one dollar and other good and valuable considerations acknowledged to have been received by him, covenanted and agreed to transfer and convey to said Perot certain interests in certain stocks, bonds, lands, letters patent, etc.

. It is undisputed that on February 25, 1887, the plaintiff Perot and Isaac Cooper met in the city of Philadelphia and negotiated a settlement of certain matters pertaining to the contract of September, 1882, whereby said Perot was to receive a deed or deeds for 100 lots in the town of Glenwood Springs, Colorado, and also to receive from said Cooper the sum of $34,878.42 in money, a portion of which sum is conceded to have been for interest accrued to that date on the $20,000 notes. The money and the lots were duly received by Perot.

In behalf of defendant it is contended that the settlement thus negotiated was, when carried into effect, payment in full of the principal of the $20,000 notes as well as the interest thereon. The claim is that the moneys thus paid and the lots thus conveyed were in settlement of the contract of September, 1882; that said contract having been entered into at the time of the giving of the notes and for no other or different consideration was collateral to the notes merely,

and was only intended to secure their payment; and there-
fore, that when a sum of money equal to the principal and
interest on the notes was realized by the payee out of such
security, the notes were in fact paid. In support of this
theory counsel for defendant cite White & Tudor's Leading
Cases in Equity, Hare & Wallace's notes to *Thornbrough v.
Baker* and *Howard v. Harris.*

In behalf of the plaintiff it is contended that the agreement
made in September, 1882, was, in fact as well as in form, a
contract to transfer and convey absolutely to the plaintiff
the property therein described and was so intended by the
parties; and that the settlement negotiated in February, 1887,
did not include and was not intended to include the princi-
pal of the $20,000 notes. In support of this claim plaintiff
relies upon certain letters written by Isaac Cooper in his
lifetime and other documentary evidence; also, upon the
testimony of the attorney who prepared the agreement of
February, 1887, to convey the 100 lots; and also upon the
circumstance that the notes were at that time left in posses-
sion of the plaintiff Perot without any provision either
orally or in writing for their surrender, and other circum-
stances.

The execution and delivery of the notes being admitted,
the presumption would be in the absence of proof that they
were founded upon a sufficient consideration to sustain the
plaintiff's cause of action. In addition to this, a full consid-
eration for the notes was expressly admitted on the trial.
The possession and production of the notes by the plaintiff
at the trial uncanceled and unextinguished by indorsements
of payments or otherwise, were *prima facie* evidence that
the plaintiff was still the owner of them and that they were
unpaid except as to the interest admitted to have been paid
to February 25, 1887. *Somervail v. Gillies,* 31 Wis. 152.

The general rule is, that a plea of payment being an af-
firmative defense, must be supported by a preponderance
of the evidence in order to be effective in favor of the party
pleading it. It was necessary, therefore, to justify a ver-

dict in favor of defendant upon the plea of payment, that she should have produced evidence sufficient to overcome the *prima facie* evidence in favor of plaintiff arising from the notes being in his possession, and also to outweigh any other evidence in the case tending to show that the notes were unpaid.

In determining whether or not the principal of the notes had or had not been paid, each party was entitled to have all the evidence, facts and circumstances bearing upon that issue duly weighed and considered in the light of correct instructions as to the law bearing upon the subject.

To warrant a verdict in favor of defendant upon the plea of payment, it was necessary that the evidence should sustain one or the other of the following propositions: First, that the written contract or agreement of September 30, 1882, was in fact intended as a mortgage, that is, that it was given and accepted merely as collateral security to the notes; or, second, that the settlement of February 25, 1887, was intended by both parties, when actually carried into effect, to include the payment of the principal as well as the interest of the $20,000 notes.

Since the written contract of September, 1882, accompanying the execution of the notes, purported on its face to be an absolute contract to convey an interest in land and other property, plaintiff was entitled to have its absolute character upheld at the trial, unless by evidence clear, certain and unequivocal the fact was established beyond substantial doubt that such contract was in fact given and accepted merely as collateral to secure the payment of the notes. Upon the first proposition above stated, a mere preponderance of evidence was not sufficient. The court below erred in not instructing the jury in substantial accordance with this statement of the law.

Neither the instruction prayed by plaintiff and refused, nor the instruction given by the court in lieu thereof, was correct in substance as a statement of the law applicable to the issue and evidence respecting the contract of September,

1882.   The real purpose of that contract being the matter at issue and on trial, the court could not consistently instruct the jury that it " created in the plaintiff an absolute right to the property " therein described, for that was the very question to be determined by the jury from the evidence as a question of fact.   Neither could the court properly submit the question of the construction of the contract to the jury. The contract being plain and unequivocal it was the province of the court to interpret it according to its terms, and thereupon to instruct the jury that the plaintiff was entitled to have the same enforced and his rights thereunder protected according to its terms, unless upon a certain kind and quantum of proof the jury should be warranted in finding that the contract was intended by the parties to subserve a different purpose—that is, the purpose of collateral security to the notes.

  We are not prepared to say that an instruction as to the quantum of proof in cases of this kind must necessarily contain the words " beyond a reasonable doubt "—words borrowed from the criminal law.   A conveyance absolute in form may be found and adjudged to be a mortgage in fact when it is shown by evidence, clear, certain, unequivocal and trustworthy, that such instrument was executed, delivered, accepted and intended by the parties merely as collateral to secure the payment of a debt.   Such kind of evidence whether documentary, circumstantial, or from the mouths of credible witnesses, may well be accepted as convincing beyond a reasonable or substantial doubt, unless there be material and reliable evidence to the contrary.   But where there is a substantial conflict in the evidence, a mere preponderance is not sufficient to warrant a change in the character of a deed or other solemn instrument of writing.

  This court has several times expressed views closely analogus to the foregoing.   An examination of the decisions will show that while the same formula of words has not always been employed, the same rule has been substantially announced though in different phraseology.   See *Whitsett v.*

*Kershow*, 4 Colo. 423 ; *Bohm v. Bohm*, 9 Colo. 111 ; *Townsend v. Peterson*, 12 Colo. 491 ; *Armor v. Spalding*, 14 Colo. 305.

The general rule is, that a debtor paying money to his creditor has the right to direct how the money shall be applied ; that is, if he be indebted on separate and distinct accounts he may have the money applied on such account or accounts as he shall direct, and the creditor receiving the money with such directions is bound to give credit accordingly. But if the debtor pay money to his creditor without directions as to its application, the creditor may apply the same to any debt due him at the time from such debtor. It is not, however, always necessary that the debtor should expressly state his purpose as to the application of the payment ; if from the circumstances of the case his purpose may be clearly implied, the creditor is bound to regard it. Thus, where a creditor claims that his debtor owes him upon two separate demands, one of which is admitted and the other disputed, if the debtor under such circumstances makes a payment to his creditor, it will be presumed, in the absence of evidence to the contrary, that the payment is made upon the demand admitted rather than upon the one in dispute at the time of making such payment. So, also, an undesignated payment will be applied to an interest bearing demand rather than to one not bearing interest. 2 Parsons on Contracts, 629 *et seq.;* 2 Chitty on Contracts, 1110 *et seq.; Gass v. Stinson*, 3 Sumner, 109 ; *Pattison v. Hull*, 7 Cowen, 747.

Error is assigned to the giving of instruction number 9; it reads as follows: " When a creditor has two demands against the same debtor, one secured by mortgage and the other an account unliquidated, a payment undirected by either party will be applied by the law to the debt so secured."

There has been some controversy as to the correctness of the instruction thus announced as a proposition of law. In this case, however, we need not undertake to settle the controversy, as the instruction was not applicable to the case on trial. The instruction assumes that there were two demands

in litigation, one secured and the other unsecured. This was not according to the claim of either party; nor was there any evidence to support such a view of the case. It is true, the plaintiff asserted two demands, one on the notes and the other on the contract of the same date ; but the plaintiff did not claim that either demand was secured by mortgage or otherwise ; neither did the defendant contend that there were two demands, one secured and the other unsecured. On the contrary, the defendant insisted that there was but one demand—the $20,000 notes, and that there never had been any other demand against her intestate in favor of plaintiff.

The defendant admitted the plaintiff's demand on the notes, but denied that he had any separate or distinct demand upon the contract. It was substantially agreed by both parties that the 100 lots and the $34,878.42 in money were received by plaintiff on account of the contract. The plaintiff, however, claimed that the property and money thus received were received on account of the independent demand based upon the contract itself. The claim of defendant was that the contract being collateral to the notes, the proceeds of the collateral thus coming into the hands of plaintiff had the effect to pay and discharge the notes. Thus, according to the claims of both parties, the determination of the issue respecting the character of the contract of September, 1882, was practically decisive of the whole controversy.

The attitude of the respective parties may be represented thus : The plaintiff says that the lots and the money received by him in pursuance of the settlement of February, 1887, were received merely on account of the contract of September, 1882, together with the interest on the notes, and now he demands judgment for the *principal* of the notes. The defendant says : True, the lots and the money thus received by plaintiff were received on account of the September contract, and inasmuch as that contract was merely collateral to the notes, everything realized upon it must be credited on

the notes, and thus the notes have been paid in full, principal as well as interest.

From the foregoing it is apparent that the giving of instruction number 9 was misleading as to the issue, and inapplicable as to the evidence. It was, moreover, calculated to prejudice the substantial rights of the losing party. Hence, the error in giving in cannot be held to have been harmless.

As the relief asked by plaintiff in this court extends only to the first cause of action, we need not consider the remaining assignments of error. The judgment of the district court is reversed and the cause remanded.

*Reversed.*