## JANUARY TERM, 1893.

DAVIS, APPELLANT, v. HOPKINS, APPELLEE.

1. PRACTICE—MOTION TO STRIKE, ETC.

If part of the evidence of a witness is pertinent and material, a general motion to strike out cannot be granted. The motion should specifically designate the objectionable evidence.

2. EVIDENCE—RELEVANCY OF.

Relevancy of evidence is that which conduces to the proof of a pertinent hypothesis; a pertinent hypothesis being one which, if sustained, would logically influence the issue.

3. EVIDENCE, PAROL, COMPETENT WHEN.

Parol evidence is admissible to show that a deed was intended to operate as a mortgage. The effect of such evidence is to establish an equity superior to and outside of the deed, and in no sense varies or contradicts its terms.

4. QUANTUM OF PROOF.

Evidence upon which a deed will be declared a mortgage must be clear, certain, unequivocal and trustworthy, and such as to establish the grounds therefor beyond any substantial doubt.

5. FORM OF DECREE—COVENANTS.

Where a party is decreed to reconvey; he may be required to insert in the deed covenants of warranty as against persons claiming through or under him.

*Appeal from the District Court of Weld County.*

THE complaint in this action states in substance that on or about March 1, 1885, Lewis A. Hopkins, plaintiff below, purchased from Annie E. Roberts the E. ½ of the W. ½ of the S. E. ¼ of Sec. 34, Tp. 6 N., R. 65 W., together with a ditch known as "Sand Creek Lateral," and all her right, title and interest to a share of the water derived therefrom, for the consideration of $375. That he borrowed the purchase money from Joel E. Davis, defendant below, with the understanding that it should be repaid in about three years. To secure the repayment of the money so borrowed, together

with the interest thereon as the rate of 10 per cent per annum, and upon a verbal agreement with Davis that on the payment of the same he would deed the property so purchased to Hopkins, a deed conveying the land together with the lateral and water right was executed by Mrs. Boberts to Davis on March 4, 1885.  That in pursuance of such purchase and agreement Hopkins entered into possession of the property so conveyed and has remained in the exclusive possession ever since, and has paid the taxes thereon and the interest on the money annually.  That on April 4, 1888, he paid Davis the money borrowed, and thereupon he executed a quitclaim deed to Hopkins for the land only, and omitted therefrom the ditch and water right derived therefrom, and has and still does refuse to convey the same to appellee. Prays, among other things, that Davis be compelled to execute a deed conveying the entire property as conveyed to him by Mrs. Roberts.

Davis denies that he loaned the money to Hopkins; denies that the deed of Mrs. Roberts was taken as security, but alleges that it is, as it purports to be, an absolute deed, and executed in pursuance of a purchase of the property by himself.  Decree as prayed for.  To reverse this decree Davis brings this appeal.

Mr. A. C. PATTON and Messrs. MCCREERY & BATES, for appellant.

Mr. H. M. LOOK and Mr. J. E. GARRIGUES, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

From the foregoing statement it will be seen that to entitle Hopkins to the relief sought it must appear by proper and sufficient evidence that the verbal agreement alleged was entered into by the parties and that the deed executed by Mrs. Roberts to Davis was in fact a mortgage.  Counsel for appellant contend that the court below erred, first, in ad-

mitting certain evidence, and, second, that taken as a whole the evidence is insufficient to sustain the findings of the court and the decree rendered. The negotiations resulting in the sale of the property in controversy were carried on in the absence of appellant by H. C. Watson, acting in behalf of Mrs. Roberts on the one part, and by the appellee Hopkins on the other; the appellant and Mrs. Roberts not appearing personally in the transaction until the execution of the conveyance by her to him. It is insisted that the evidence of Watson detailing these negotiations is inadmissible, because irrelevant to the issue, and not had in the presence of appellant. While the statement by the witness of what Hopkins said as to Davis furnishing the money with which to pay for the property is obnoxious as hearsay, the motion to strike out was too broad and challenged the entire evidence of this witness and failed to call the court's attention to this objectionable statement. If the evidence of this witness, aside from this, was pertinent and material, "a general motion to strike out cannot be granted, nor will the court, upon such general motion, search the whole evidence, with the view to ascertain if any testimony was improperly admitted. The motion should be specifically confined to the objectionable evidence." *Webber v. Emerson*, 3 Colo. 248. The inquiry therefore is limited to the relevancy of this witness' evidence as a whole. Wharton in his Law of Evidence defines relevancy as " that which conduces to the proof of a pertinent hypothesis; a pertinent hypothesis being one which, if sustained, would logically influence the issue." Sec. 20. "Hence it is relevant to put in evidence any circumstance which tends to make the proposition at issue more or less improbable." Sec. 21.

The controlling question being the character of the conveyance by which the legal title was vested in appellant, the fact as to whom the property was actually sold is certainly a very pertinent and material inquiry, and one which tends strongly to corroborate or contradict the claim of the respective parties; and hence evidence of the negotiations between

Watson and the appellee which led up to and resulted in the consummation of the sale was admissible to show, not only to whom the sale was in fact made, but as well the property included in the sale and intended by Mrs. Roberts to be conveyed in pursuance thereof.

While conceding the rule that "the fact of a deed being a mortgage in effect may be proved by oral testimony," counsel for appellant object to this evidence and also the evidence of Mrs. Roberts and Hopkins as to the contract of purchase, upon the further ground that it varies and contradicts the terms of the contract between the parties as evidenced by the deed.    This objection is predicated upon the assumption that the deed contains the contract between the parties.    But such is not the fact.    The contract of purchase rested entirely in parol, and the deed has nothing whatever to do with it farther than to carry it out.    " The deed is evidence of the final consummation of some contract previously made ; but it is not evidence of what the contract was, and has nothing to do with it farther than to carry it out."    *Trayer v. Reeder*, 45 Iowa, 273.    The effect of this evidence is to establish an equity superior to and outside of the deed, and in no sense varies or contradicts its terms.

To invoke equitable relief in this character of action, it is well settled that the evidence must be "clear, certain, unequivocal and trustworthy," and such as to establish the ground therefor beyond any substantial doubt.    " Such kind of evidence, whether documentary, circumstantial, or from the mouths of credible witnesses, may well be accepted as convincing beyond a reasonable or substantial doubt, unless there be material and reliable evidence to the contrary." *Perot v. Cooper*, 17 Colo. 80.

Counsel for appellant insist that the testimony on behalf of appellee is insufficient when tested by this rule, and that the evidence taken as a whole does not constitute the necessary kind and quantum of proof to entitle appellee to the relief demanded..

Assuming that the trial judge, with the opportunity of

determining the credibility of witness, regarded the parties in interest as of equal credibility, still the circumstances surrounding and accompanying the transaction, the acts and conduct of the respective parties in relation to the property, the statement of account furnished by appellant upon which a final settlement was had, the testimony of Mrs. Roberts, a disinterested witness, as to the declarations of appellant at the time of the execution of the deed, are so inconsistent with appellant's claim and so strongly corroborative of appellee's that there remains no substantial doubt that the money advanced by appellant was a loan, and the deed taken by him a security for its repayment.

The acceptance of the deed from appellant by appellee is of no moment, except in so far as it may be an evidence of his acquiescence in appellant's construction of the agreement to reconvey, and for this purpose it is of slight significance in the light of appellee's conduct immediately upon learning of appellant's claim to the property in question; and this being the only effect of such acceptance, if the admission of appellee's statement as to his understanding of the clause reserving all water rights was error, it was necessarily without prejudice.

We can see no merit in the claim interposed by appellant, if his version of the agreement be sustained. He admits the agreement to convey the land to appellee upon the repayment of the amount advanced, with interest, but reserves the lateral and water right solely because they were not included in the contract of purchase between Mrs. Roberts and appellee, and were specifically negotiated for by him and included in the deed, at his request. The testimony of Mrs. Roberts, Watson and Hopkins is that the lateral and water right were included in, and constituted the principal inducement for, the purchase. It is also clear that it was the intention of Mrs. Roberts to convey them with the land, as a part of the subject-matter of the sale, and that she did so convey them without any additional consideration.

Therefore having obtained title to the land, lateral and

water right, through and in pursuance of the same transaction and for the same consideration, and for the same purpose, the obligation to reconvey the entire property is as binding as the obligation, admitted by appellant, to convey a part. We cannot agree with counsel for appellant that the court erred in the form of the deed it ordered appellant to execute. It only requires him to insert covenants of warranty as against persons claiming through or under him ; and this we think he should do. The decree of the court below is affirmed.

*Affirmed.*