[No. 5217.]
[No. 2831 C. A.]

## ENOS ET AL. v. ANDERSON ET AL.

1. **Statute of Frauds—Trust Deeds—Orally Assuming Indebtedness.**

Defendants purchased property of plaintiffs incumbered by trust deed, and orally agreed to assume the notes secured thereby. Held, that such promise was not an agreement to answer for the debt of another person within the meaning of the statute of frauds.—P. 398.

2. **Same—Agreement Not to be Performed Within a Year—Effect of Part Performance.**

Plaintiffs conveyed certain real property incumbered by trust deed to defendants as a consideration for certain other property and defendants' oral promise to assume the notes secured by the trust deed, which were not due within one year. Held, that the contract being completely executed on one side was not within the statute of frauds requiring that agreements not to be performed within a year must be in writing.—P. 398.

3. **Limitation of Actions—Assuming Indebtedness—Bills and Notes.**

Defendants purchased real property of plaintiffs incumbered by trust deed, and orally agreed to pay the notes secured thereby, which they failed to do. Held that, in an action by plaintiffs to recover the amount of the notes paid by them, the statute of limitations did not begin to run until plaintiffs were required to pay the same, and an action brought within six years thereafter was not barred.—P. 398.

4. **Conveyances—Contracts to Convey—Deeds—Merger.**

The rule applicable to all contracts that prior stipulations are merged in the final and formal contract executed by the parties, applies to a deed delivered and accepted as performance of a contract to convey.—P. 398.

5. **Same—Parol Agreements—Evidence—Sufficiency.**

While courts have recognized parol agreements which vary the terms of a deed, the quantity and quality of the proof required is not the mere preponderance required in mere civil actions, but that degree of proof required to sustain a conviction in criminal cases.—P. 399.

6. **Same.**

Defendants purchased real property of plaintiffs incumbered by trust deed, and orally agreed to pay the notes secured there-

by, no mention thereof being made in the deed. Evidence examined, and held insufficient to establish such oral agreement beyond a reasonable doubt so as to come within the rule allowing parol evidence to vary the terms of deeds.—P. 399.

7.   Statute of Frauds—Conveyances—Oral Agreements—Assuming Indebtedness.

   Where the parties to a deed were dealing with each other regarding the grantees' assumption of certain notes secured by deed of trust thereon, but failed to include in the deed the words which would make the grantees liable because they could not agree that such words should be included therein, and thereafter the grantors were obliged to pay the notes, they cannot recover the amount so paid from the grantees.—P. 401.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Frank T. Johnson, Judge.*

Action by Isabel L. E. Anderson and John Pearson Anderson against Charles W. Enos and Sarah E. Enos. From a judgment for plaintiffs, defendants appeal.                    *Reversed.*

Messrs. BENEDICT & PHELPS, for appellants.

Mr. W. T. ROGERS and Mr. JOHN F. MAIL, for appellees.

CHIEF JUSTICE STEELE delivered the opinion of the court:

On May 3, 1893, the plaintiffs (appellees here) executed and delivered to the defendants a warranty deed for the premises known as lots 23 and 24, block 3, Kettle's Addition to the city of Denver. The consideration named in the deed is twelve thousand dollars. This deed contains a covenant that the property is free and clear of all liens and incumbrances "except a certain deed of trust recorded in book 888, March 7th, 1893, given to secure six thousand dollars at seven and one-half per cent. per annum." On September 25, 1894, the property was sold under

the deed of trust for the sum of twenty-six hundred dollars, and this amount, less the costs and expenses of the sale, was credited upon the notes secured by the deed of trust. Thereafter, suit was brought against the plaintiffs (appellees here) to recover judgment against them for the balance due upon the notes, approximately four thousand dollars. While the suit was pending plaintiffs settled with the holders of the notes, and in December, 1897, or in 1898, paid one thousand dollars in full settlement of the demand against them. On May 27, 1902, this suit was brought; the plaintiffs alleging in their complaint that the defendants orally assumed the notes given by the plaintiffs and agreed to pay them; that the property conveyed to the defendants by the plaintiffs was of the value of twelve thousand dollars; that the consideration for the conveyance of the property was the assumption of the six-thousand-dollar incumbrance and the conveyance by the defendants to the plaintiffs of property valued at six thousand dollars; and they asked judgment against the defendants for the sum of one thousand dollars and interest, being the amount the plaintiffs paid to compromise the suit mentioned herein. The defendants deny that they assumed and agreed to pay the notes mentioned, and deny that the consideration for the conveyance to them was, in part, the assumption and agreement to pay the said notes. In other defenses they plead the statute of frauds and the statute of limitations, and in still others they allege, by way of cross-demand, damages sustained by reason of an alleged breach of the covenant of warranty.

The court found in favor of the plaintiffs, and rendered judgment against the defendants in the sum of $1,326.65. From this judgment the defendants appealed to the court of appeals.

It is contended that the alleged contract is within

that section of the statute of frauds which declares that every special promise to answer for the debt, default or miscarriage of another shall be void unless such agreement or some note or memorandum thereof be in writing and subscribed by the party charged therewith.

The agreement set out in the pleadings and testified to by the plaintiffs was not an agreement to answer for the debt of *another person.* The plaintiffs testified that the defendants agreed to assume and pay certain notes given by the plaintiffs and secured by a deed of trust upon the property conveyed by them to the defendants.

"The statute applies to promises to pay the debt of *another;* and this is construed by the courts of both countries to mean the debt of some person other than the immediate parties to the contract of guaranty and owed to one of those parties."— Browne on the Statute of Frauds, § 188.

It is also claimed that the agreement was not to be performed within a year, and therefore came within the provisions of the statute of frauds. The case *Curtis v. Sage,* 35 Ill. 22, holds, under a state of facts very similar to those shown in this case, that such a contract is not within the statute of frauds. Nor was the action barred by the statute of limitations. The alleged agreement was to pay the notes of the plaintiffs. The cause of action did not accrue to the plaintiffs until they were required to pay the notes. Within six years after they were required to make payment they brought this action, therefore it was not barred.

"The rule applicable to all contracts, that prior stipulations are merged in the final and formal contract executed by the parties, applies, of course, to a deed based upon a contract to convey. When a deed is delivered and accepted as performance of a

contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties.''—2 Devlin on Deeds, § 850a.

The courts have recognized various kinds of stipulations and agreements as not coming within the rule, and have permitted parties to show that a deed absolute on its face is not so in fact, and that the consideration named was not the real consideration. Whether the agreement alleged to have been made between the parties to this case could be proved and enforced as being within one of the exceptions to the rule stated, or could not be shown or enforced because within the rule, we shall not determine, but we shall assume that such an agreement can be proved and enforced.

While courts have recognized parol agreements which vary the terms of deeds, the quantity and quality of the proof required to establish such agreements is not the mere preponderance required in the ordinary civil action, but that degree of proof required to sustain a conviction in a criminal case.— *Armor v. Spalding,* 14 Colo. 302; *Davis v. Hopkins,* 18 Colo. 153.

There was a direct conflict in the testimony. The plaintiffs testified that the defendant Charles W. Enos agreed to pay the incumbrance on the property; he testified as positively that he refused to accept a conveyance binding him to become personally liable for the mortgage debt. He says that a deed was first prepared by the broker who acted as agent in the negotiations, containing a clause that the grantee assumed and agreed to pay the incumbrance, and that he refused to accept such a deed. One of the plaintiffs testified that he did not read the deed care-

fully, and that the deed was not made in accordance with his directions.   He said:

"I saw the deed, but I did not read it particularly over, I trusted to my real estate man, and he betrayed me."

Question.   "How so?"   Answer.   "The way you think; he made the deed out to read wrong."

The court excluded any further testimony upon this subject.

The deed itself does not release the plaintiffs from personal liability on the notes, but merely excepts the deed of trust from the covenant against incumbrances.   We can place no other construction upon the language of the plaintiff John Anderson than that he had instructed the broker to prepare a deed by which the defendants were to assume the mortgage debt and to pay it, and that he had failed to do so.   The deed itself should be regarded as important evidence.   It acknowledges the receipt of twelve thousand dollars, simply conveys the property subject to the deed of trust, and contains no statement of assumption or agreement to pay the notes, and does not allege that the amount of the incumbrance was allowed to the defendants on account of purchase money.   From the deed itself it would appear that the plaintiffs had received twelve thousand dollars from the defendants, in consideration of which they had conveyed the property to the defendants, and that they, and not the defendants, were to pay the incumbrance.   The plaintiffs claim that of the consideration six thousand dollars was allowed defendants because they agreed to pay the incumbrance, and that the balance was made of items of cash paid and property transferred to plaintiffs by the defendants.   To thus vary the terms of the deed by parol proof, it was incumbent upon plaintiffs to establish beyond a reasonable doubt that such

agreement was made.  This, we think, the plaintiffs have not done.  We are not unmindful of the numerous decisions of this court holding that the findings of a trial court will not be disturbed where there is a conflict of testimony, but we are satisfied that the court must have based his decision upon the ground that the testimony preponderated in favor of the plaintiffs, and overlooked the rule which requires the establishment of such agreements beyond a reasonable doubt.  Moreover, from the testimony of John Anderson it appears that he instructed the broker to incorporate into the deed words by which the defendants assumed and agreed to pay the notes secured by the deed of trust; clearly establishing the fact that the subject of becoming personally liable for the incumbrance was the matter of negotiations between the parties.  It also appears that Dr. Enos refused to accept such a deed, and if they were dealing with each other upon the subject and failed to include in the deed the words which would make the defendants liable because the parties could not agree that such words should be included in the deed, the law will not permit plaintiffs to recover.  Such was the holding in *Nesmith v. Martin,* 32 Colo. 77.

For the reasons given, the judgment is reversed.

*Reversed.*

Mr. JUSTICE CASWELL and Mr. JUSTICE MAXWELL concur.