[No. 5487.]
[No. 3157 C. A.]

## BLACKSTOCK ET AL. V. ROBERTSON.

1.  **Mortgages — Absolute Deed as Mortgage — Evidence as to Character—Admissibility.**

Plaintiffs, who were indebted to defendant, executed to him a deed absolute on its face, a separate writing being contemporaneously executed, providing that, if the land conveyed by the deed was sold within six months and brought more than a prior incumbrance and the amount of plaintiff's debt, the surplus should be paid over to plaintiffs by defendant. Held, that under Mills' Ann. Code, § 261, providing that the fact of a deed being a mortgage in effect, may be proved by oral testimony, oral evidence was admissible to show that the deed in effect was a mortgage, notwithstanding the contemporaneous written agreement.—P. 474.

2.  **Same—Pleading—Construction.**

In an action to have a deed absolute on its face declared a mortgage and to redeem therefrom, the complaint alleged that, contemporaneously with the deed, an agreement was executed providing that if, within six months, the land was sold for more than plaintiffs' debt, the surplus should be paid to plaintiffs, and set forth the prior transactions between the parties, including plaintiffs' indebtedness to defendant, and the intention of the parties to make a new adjustment of it, and that the deed was delivered simply to secure payment of money due defendant "by reason of the transaction and circumstances above narrated." Held, that oral evidence is admissible to show that the transaction was intended to be a mortgage, the phrase, "the transaction and circumstances above narrated," not being restricted to the deed and written agreement, especially in view of the answer

which denied that the deed was intended to operate solely as a mortgage, and alleged that it was made and delivered solely in accordance with the provisions of the accompanying agreement. —P. 478.

*Appeal from the District Court of Larimer County. Hon. Christian A. Bennett, Judge.*

Action by Amanda Blackstock, Lee Blackstock and Maud B. Honnold against Thomas H. Robertson. From a judgment for defendant, plaintiffs appeal.                                    *Reversed.*

Messrs. RHODES & LEE, for appellants.

Mr. H. I. GARBUTT, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiffs bring this action to redeem lands from the lien of what, in their complaint, they claim was, in its inception, and still is, a mortgage, but which in his answer defendant says is an absolute sale, subject to or coupled with a condition in the nature of an option to plaintiffs to procure an additional sale.

From a decree which dismissed the complaint and, on defendant's cross-complaint so demanding, quieted title to the lands in defendant, plaintiffs appeal.

Plaintiffs were indebted to defendant in the sum of about five thousand dollars, which was evidenced by a promissory note and secured by a chattel mortgage on cattle and a trust deed on lands. Defendant was pressing for payment and threatening to foreclose these securities, whereupon the parties entered into a new engagement, which took the shape of a deed of conveyance of these lands, absolute on its face, from plaintiffs to defendant, and a separate writing, executed at the same time, called a "mem-

orandum of agreement," which purported to define the nature of the transaction and the object and intention of the parties. These two writings, the deed and the separate agreement, were the only written evidences of this new engagement. Plaintiffs say the real intention of the parties thereby was to secure to defendant the debt which they owed him. Defendant says the transaction was an absolute sale, to which was attached the condition already referred to.

In the view we take of the controversy, it is not necessary to reproduce the contents of the separate writing, further than to state that the condition therein was that if the lands conveyed by the deed were sold within six months and brought more than a prior incumbrance and the amount of plaintiffs' debt, the surplus should be paid over to the plaintiffs by the defendant.

At the trial, under appropriate issues, plaintiffs put a witness on the stand and proposed to prove by his oral testimony that the real object of the parties in executing the written agreement and deed was to secure the payment of a continuing debt which plaintiffs owed defendant. In other words, that the transaction was a mortgage and not a sale. The court, on defendant's objection, refused to admit this testimony, and granted defendant's motion, immediately thereafter interposed, for judgment upon the pleadings, and dismissed the complaint, and quieted title in defendant.

We think this was manifest error. By statute and decisions of this court the fact of a deed being a mortgage in effect may be proved by oral testimony. —Code, section 261; *Townsend v. Peterson,* 12 Colo. 491; *Armor v. Spalding,* 14 Colo. 302; *Perot v. Cooper,* 17 Colo. 80; *Davis v. Hopkins,* 18 Colo. 153; *Butsch v. Smith,* 40 Colo. 64.

In section 275, 1 Greenleaf on Evidence (15th ed.), the learned author says: ''Parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.'' To this general rule there are, however, recognized exceptions, and at section 284 of the same volume the author in note C states one of them to be, ''that oral evidence may be given in a court of equity to show that an instrument of conveyance, absolute upon its face, was, in reality, intended as a mortgage or security only,'' and our statute and decisions are to that effect. The parties are in accord as to this. But defendant strenuously insists that when the parties, at the time the deed was made and as a part of the same transaction, put into a collateral writing what purports to be a statement of their object in making the deed, parol evidence is not admissible to vary or contradict the terms of this separate writing. Cases like *Carr v. Hays,* 110 Ind. 408, which enforce the general rule laid down by Professor Greenleaf, are not in point in support of this position of defendant, because they are not cases where the claim is made, as here, that a deed, absolute on its face, was, in reality, intended as a mortgage.

Defendant, however, states that in an action to redeem from what is claimed to be a mortgage, no case can be found where parol evidence was held admissible to vary or contradict the terms of a collateral agreement where, as here, that agreement, purporting to express the object of the parties, has been put in writing. Our investigation has disclosed that there are a number of such authorities. A leading case is *Russell v. Southard,* 12 How. 139. There the complainant, Russell, conveyed lands by an absolute deed in fee simple to defendant, Southard, and at the same time, and as a part of the same transaction,

the grantee gave to the grantor a written memorandum, by the terms of which it was recited, among other things, that the complainant "has sold and this day absolutely conveyed to James Southard" the lands in question. From other parts of the writing it appeared that the sale was a conditional sale for an agreed price. The court construed this deed and written memorandum as importing a sale, but held the introduction of parol evidence competent to show that the transaction was, in fact, intended as a mortgage. The deed on its face imported an absolute sale, and the court said expressly that by the written memorandum it was clearly intended to manifest a conditional sale. The court then said that the question whether this transaction was a mortgage or sale was to be determined, not by an inspection of the written papers alone, but that oral evidence was admissible to contradict, vary, or add to, their contents; and though the written papers, regarded as one transaction, manifested a conditional sale, the court concluded that, taken in connection with the parol evidence, which was admitted to show the real intention of the parties, the transaction in substance was a loan of money upon the security of the lands.

In *Peugh v. Davis*, 96 U. S. 332, which was also a case where there was a separate writing in connection with an absolute deed, oral evidence was considered by the court as proper to show that the real intention of the parties was to give a security for a debt.

In *Brick v. Brick*, 98 U. S. 514, though the precise question raised here was not involved, it was said that in such cases any evidence; written or oral, tending to show the true nature of the transaction, is proper.

*Wolfe v. McMillan*, 117 Ind. 587, was a case

where an absolute deed, note and title bond, did not, on their face, constitute a mortgage, but parol evidence was held admissible to show the real transaction between the parties to these instruments.

In *Keithley v. Wood*, 151 Ill. 566, there was a deed and an agreement to re-sell. The court held that whether they were to be regarded as an absolute sale or as a mortgage depended upon the existing facts and circumstances which led to their execution, and not upon the form the parties saw proper to give the transaction. In *Cosby v. Buchanan*, 81 Ala. 574, where a deed and a separate writing showed on their faces that the transaction was not an absolute sale, but either a conditional sale or a mortgage, parol evidence was admitted to show that it was intended to be a mortgage.

*Smith v. Crosby*, 47 Wis. 160, cited by appellee himself, to the point that the deed and separate agreement here constituted at best but a conditional sale, is authority for the proposition that though the parties have, in a separate agreement, expressed the objects they had in executing and receiving a deed, nevertheless parol evidence is admissible to show the real object was different from that which the agreement, on its face, manifested. In that case there was an absolute deed and five separate writings. Standing alone, the court held that the six instruments showed an absolute conveyance and not a conveyance by way of mortgage as security for money loaned. Yet the court held that the real intention of the parties is the criterion for determining whether the transaction is a sale or mortgage, and parol evidence was admitted to show such intention, and therefrom the court found that, notwithstanding the absolute nature of the conveyance made, as shown by the writings, the transaction was,

in fact, a loan of money by the defendant to plaintiff, and, therefore, a mortgage, and not a sale, was the real intention.

Other authorities might be cited, but to do so would unduly prolong the opinion. They are collated in notes to 3d Pomeroy's Equity Jurisprudence (2d ed.), § 1195 *et seq.*, and in 27 Cyc., page 1020 *et seq.;* 27 Am. & Eng. Enc. Law (2d ed.), 952.

Defendant makes the additional point that, though the general rule extends to separate writings as well as to the deed itself, yet, by the averment of the complaint "that said deed so made was simply delivered to secure payment of money due defendant by reason of the transaction and circumstances above narrated, and not otherwise, and that said deed was, in fact and in truth, a mortgage, and so intended by both parties," plaintiffs have thus limited its application and virtually said that this transaction is what this deed and memorandum of agreement make it, and not what parol evidence might show it to be. "The transaction and circumstances above narrated," fairly construed, are not restricted to the deed and written agreement. This expression refers to everything previously narrated, including the history of the prior transactions between the parties, including the allegations of plaintiffs' indebtedness to the defendant and the intention of the parties to make a new adjustment of it. Aside from this, the defendant, in his answer, has broadened the issue, if it was limited, by traversing this averment and denying that the deed was intended to operate solely as a mortgage, and by the affirmative averment that the deed was made, executed, and delivered by plaintiffs to defendant solely by virtue of and in accordance with the directions and provisions of the memorandum of agreement; thereby negativing the aver-

ment of the complaint that the intention was to make a mortgage.

We, therefore, hold that in an action to redeem from what purports to be an absolute sale of lands, though the object of the parties to the transaction is expressed in one or more separate writings, it is competent to prove by parol evidence that the real transaction is a mortgage, regardless of the number of writings by which it is evidenced. Here, each, on its face, imports a sale, one absolute the other conditional or optional. If by separate writing the parties expressly agree, at the same time an absolute deed is executed, that it is what it purports to be, viz., an absolute sale, this is only what the deed itself says. And if they could thus avoid its real effect as a mortgage, the true nature of such a transaction could never be shown.

In arriving at this conclusion, we do not find it necessary to determine for ourselves what construction should be placed upon the deed and the accompanying written agreement. By assigning error to, and relying for a reversal on, the ruling of the trial court refusing to hear oral evidence as to the intention of the parties, plaintiffs virtually concede that the deed and separate agreement do not, on their face, constitute a mortgage. For, if they did, oral evidence to show that fact would be unnecessary, and its exclusion harmless. And since defendant maintains that they show on their face that the transaction was a conditional sale, at least a sale subject to a contingent equity of plaintiffs in the event of a future sale, we have, for our present purpose, proceeded on the assumption that if this transaction is a mortgage, proof of it must be made by oral evidence.

The trial court committed prejudicial error in rejecting the oral testimony offered and in dismiss-

ing plaintiff's complaint and entering a decree quieting title in defendant. The judgment should be reversed and the cause remanded for further proceedings, in accordance with the views herein expressed.

*Reversed and remanded.*

Chief Justice Steele and Mr. Justice Gabbert concur.