## No. 9134.

DENVER SANITARIUM & HOSPITAL ASSOCIATION v. ROBERTS,
ET AL.

1. APPEAL AND ERROR—*Questions Considered.* Matters alleged of which there is no evidence are not considered.

2. MORTGAGE—*Parol to Establish.* An absolute conveyance of land may be shown by parol to be intended to be a mere security; but the evidence must be clear, certain, unequivocal, and convincing.

*Error to Denver District Court, Hon. Geo. W. Allen, Judge.*

Mr. J. T. MACEY and Mr. L. O. WAVLE, for plaintiffs in error.

Mr. L. WARD BANNISTER, Mr. LEROY MCWHINNEY and Mr. SAMUEL M. JANUARY, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

PLAINTIFFS in error were plaintiffs below. The complaint alleges that on the 30th day of November, 1912, and for a long time prior thereto, the plaintiffs were the owners of Block 41, P. T. Barnum's subdivision to the City of Denver. That on said date the plaintiffs were indebted to the defendant, John G. Roberts, in the sum of $6,000, and some interest thereon. That for the purpose of securing the payment of such sum, the plaintiffs on said day executed and delivered to the said Roberts a warranty deed. That at the time of the execution and delivery of the warranty deed, it was expressly agreed between the parties that said warranty deed was to operate as a mortgage only, and that the plaintiffs should have the right to redeem said property upon the payment to Roberts of the sum of $5,000, and the further sum of $250, which Roberts had paid as taxes assessed against the property. Further allegations were made as to a conspiracy upon the part of the defendants to defraud plaintiffs of their title to the property. No proof was offered upon this question and it is not a factor in the case. The execution and delivery of the deed

was admitted, and it was alleged in the several answers that the deed was, and intended to be, an absolute conveyance.

The trial court rendered judgment in favor of the defendants and dismissed the action.

There is simply one question, and that is one of fact, was the warranty deed absolute in form, intended by the parties as a mortgage, and not an absolute conveyance.

The admitted facts are that at the time of the execution of the deed the defendant Roberts held a mortgage covering the premises to secure the payment of the sum of $6,000, then due and unpaid. That Roberts had instituted proceedings in foreclosure, and the trial had been postponed from time to time to give plaintiffs an opportunity to make payment. Finally Roberts insisted on trial of the action, and he and his witnesses, who were lawyers who had attended to the business for all the parties, testify that it was agreed between the parties that the plaintiffs should execute an absolute deed to the premises to Roberts, the foreclosure suit was to be dismissed, and Roberts was to execute a lease to the plaintiff, May K. Lewis, for a stated period, with an option upon her part to purchase the premises within a given time for the sum of $5,000. All these things were done. Roberts was formally placed in possession as owner, and afterward Lewis took possession and occupied the premises under her lease.

This is admitted by plaintiffs, but they contended that there was a verbal understanding between the parties that the deed was executed and possession given to Roberts, and the lease to plaintiff, merely for the purpose of getting some undesirable tenants from the premises, and that the deed was intended merely as security for the sum of $5,000, instead of the larger sum due on the mortgage then in process of foreclosure.

We think the court's finding for the defendants is amply sustained by the evidence, and under the general rule will not be disturbed.

The plaintiffs clearly failed to sustain their contention under the rule of this court repeatedly stated as to the degree of proof required in such cases. Upon this point it was said in *Baird v. Baird*, 48 Colo. 506, 111 Pac. 79:

"The equitable rule that an absolute deed may be shown by parol to be in effect a mortgage has, in this state, received express legislative recognition. Civil Code, § 261. But it should be observed that, to establish this fact, the proof must be clear, certain, satisfactory, unequivocal, trustworthy, convincing and, some cases say, conclusive; in short, as stated in some former decisions of this court, the case must be made out with that fullness and precision which is essential to a conviction in a criminal case—beyond a reasonable doubt—*Whitsett v. Kershow*, 4 Colo. 419; *Graff v. Town Co.*, 12 Col. Ap. 106, 54 Pac. 854; *Townsend v. Petersen*, 12 Colo. 491, 21 Pac. 619; *Armor v. Spalding*, 14 Colo. 302, 23 Pac. 780; *Perot v. Cooper*, 17 Colo. 80, 28 Pac. 391, 31 Am. St. 258; *Davis v. Hopkins*, 18 Colo. 153, 32 Pac. 70; *Butsch v. Smith*, 40 Colo. 64, 90 Pac. 61; *Enos v. Anderson*, 40 Colo. 395, 93 Pac. 475, 15 L. R. A. (N. S.) 1087.

We think the preponderance of the testimony establishes that the deed was given by plaintiff and accepted by Roberts in satisfaction of the mortgage and precedent debt, with the further agreement for lease, and option to repurchase, upon the payment of the sum of $5,000 and taxes, theretofore paid by Roberts. This was a permissible and valid agreement.

Upon this point the last case cited quoted and approved the following from *Henley v. Hoatling*, 41 Cal. 27:

"There can be no question that a party may make a purchase of lands either in satisfaction of precedent debt or for a consideration then paid, and may at the same time contract to reconvey the lands upon the payment of a certain sum, without any intention on the part of either party that the transaction should be, in effect, a mortgage. There is no absolute rule that the covenant to reconvey shall be

regarded, either in law or equity, as a defeasance. The covenant to reconvey, it is true, may be one fact, taken in connection with other facts, going to show that the parties really intended the deed to operate as a mortgage; but standing alone, it is not sufficient to work that result. The owner of the lands may be willing to sell at the price agreed upon, and the purchaser may also be willing to give his vendor the right to repurchase upon specified terms; and if such appears to be the intention of the parties, it is not the duty of the court to attribute to them a different intention. Such a contract is not opposed to public policy, nor is it in any sense illegal; and courts would depart from the line of their duties should they, in disregard of the real intention of the parties, declare it to be a mortgage."

The judgment is affirmed.

Hill, C. J., and Garrigues, J., concur.