# Cosby *v.* Buchanan.

*Bill in Equity to have Absolute Deed declared a Mortgage, and for Redemption.*

1.  *Conveyance and subsequent defeasance construed together as one contract.*—A conveyance absolute on its face, and a defeasance subsequently executed in pursuance of an agreement made at the time the conveyance was signed, will be regarded as contemporaneous acts, and construed as forming one contract and transaction.

2.  *Conveyance absolute in terms; when declared mortgage, and when conditional sale.*—When parol evidence is relied on to show that a conveyance, absolute on its face, was intended merely as security for a debt, the evidence adduced must be clear and convincing ; but, when it is admitted, or is shown by a separate writing, that the transaction was not an absolute sale, but was either a conditional sale or a mortgage, the courts incline to treat it as a mortgage, and the same degree of proof is not required.

[Cosby v. Buchanan.]

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by appellee, George N. Buchanan, against Jane F. Cosby, the widow of A. Y. Cosby, deceased, and the executrix of his will and devisee thereunder. The material facts, under the view of the case taken by this court, are stated in the opinion.

GARDNER & WILEY, for appellant.—The defeasance must be contemporaneous with the mortgage, unless supported by a new consideration.—2 Brick. Dig., 272, § 321. The tests to distinguish a conditional sale from a mortgage are laid down in *Eiland v. Radford*, 7 Ala. 724; *Williamson v. Culpepper*, 16 *ib.*, 211; 2 Brick. Dig., 273, § 331. The fact, that no bond or note or other evidence of debt is taken, is a circumstance indicating a sale, but is not conclusive.—2 Brick. Dig., 272, sec. 325. See, also, *McKinstry v. Cosby*, 12 Ala., 678.

P. O. HARPER, *contra.*—The decree of the Chancery Court on facts will not be disturbed, unless clearly against the evidence. No certain test can be applied to determine whether a mortgage or conditional sale was intended. The particular facts and circumstances of each case must govern.—*Robinson v. The Mobile Building and Loan Association*, 65 Ala. 382; *Turner v. Wilkinson*, 72 *ib.*, 361. It is a general rule, when land is conveyed absolutely and the grantee, by a separate instrument or defeasance, covenants to re-convey to the grantor on the payment of a certain sum, that the transaction amounts only to a mortgage.—*Edwington v. Harper*, 3 Marshall's Ken. Rep. —; *Peterson v. Charles*, 15 Johnston, 215; *Day v. Durham*, 2 Johnston, 189. This court holds, that, in doubtful cases, a transaction will be construed to be a mortgage rather than a conditional sale. Equity generally prefers to construe an instrument a mortgage rather than an absolute conveyance, with a separate contract for re-conveyance.—*Daugherty v. McColgan*, 6 Gil. & I., 275; *Trucks v. Lindsay*, 18 Iowa, 504: *Cornell v. Hall*, 22 Mich., 377; *Flagg v. Mann*, 2 Sumn., 486.

CLOPTON, J.—Appellee files the bill to redeem real estate, situate in Troy, which he conveyed March 8, 1882, by absolute deed to A. Y. Cosby, in consideration of two thousand dollars, on the alleged ground that the conveyance was intended to operate as a mortgage. The record raises an unmixed question of fact. It is undisputed that prior to, and at the time of the making of the deed, the grantor

[Cosby v. Buchanan.]

owed Cosby debts secured by mortgages on the same and other property, and other small debts unsecured, which entered into the consideration of the conveyance. Winslett, who represented a claim held by his sister, which was secured by a mortgage, testifies that in March, 1882, he was sent for by Cosby to consult in relation to the property, when it was agreed, complainant being present, that they would pay a balance of the purchase-money of the lot unpaid, which had a prior lien, and have a deed made directly to themselves. A day or two afterwards, he was informed this agreement had failed, and another consultation was had, when Cosby agreed with complainant to pay the balance of the purchase-money, take an absolute deed to the lot of land as security, and give complainant a separate instrument in writing showing his right to redeem at some future time. Winslett was not present when the deed was in fact made, but shortly thereafter, Cosby gave complainant an instrument in writing, which bears no date, whereby he obligated himself to make complainant a deed to the lot of land, upon the payment of two thousand dollars, with interest within two years from the date. Winslett is a subscribing witness, and testifies that the instrument was made in pursuance of the previous agreement. There being a difference as to the rate of interest to be paid, it was stated in the instrument, "with the interest agreed upon."

It is insisted that the conveyance and defeasance having been made at different times, the defeasance is without consideration, and no rights can arise under it. The conveyance and the defeasance having been made in performance and by the terms of the same agreement, must be considered and construed substantially as cotemporaneous acts, and as forming one transaction and agreement. The character of the deed must be determined by the intention of the parties clearly and satisfactorily proved. When it is absolute, and only parol evidence is relied on, the party affirming that the conveyance was intended as a security for a debt, must show that such was the intention by clear and convincing evidence. But when it is admitted or shown by separate written instruments, that the transaction is not an unconditional sale, as the deed imports, but either a mortgage or a sale with right to repurchase, the court, in the interest of complete justice, is inclined to construe the transaction as a mortgage; and on the question, whether in such case a mortgage or conditional sale was intended, the same degree of proof is not requisite. Any doubt arising as to the intention will be

[Parsons v. State.]

resolved in favor of the construction, that the conveyance is a security for a debt.—*Mitchell v. Wellman*, 80 Ala.

The attention of Winslett was especially directed to the transaction by his interest and connection therewith. Complainant was indebted to his sister, for the security of which she had a mortgage on the property, and which Cosby told him was a part of the consideration of the deed. His testimony is positive, consistent in itself, supported by the writings, and corroborated by the declarations of the grantee, and the subsequent conduct and dealings of the parties. The complainant continued, after the execution of the deed, to occupy the residence situated on the lot without the payment of rent; the grantee collected rents of this and other property belonging to complainant, and appropriated them to his claim and the Winslett debt, *pro rata;* and the executrix and devisee of the grantee has said since his death, that she did not want the property, but the amount due her, to ascertain which an attempt was made by the parties, but failed. The relation of creditor and debtor prior to and at the time of the execution of the conveyance is shown, and also a continuing debt thereafter, which the complainant is liable to pay. Limiting the consideration to the legal evidence and the testimony of the disinterested witnesses, the conclusion of the chancellor, that the deed was intended as a security for a debt, is sustained by the evidence.

Affirmed.