# Jordan et al. v. Garner et al.

*Bill in Equity to enforce a Trust in Lands.*

1. *Bill to enforce trust; when it contains equity.*—A bill in equity
which avers that the complainants verbally contracted to purchase a
certain lot of land, and not having the means to make the cash pay-
ment agreed upon, procured a third person to advance the money as
a loan, and to become surety for the deferred payment, that to secure
such third person against loss, it was agreed that the deed from the
vendor should be executed direct to him, who should re-convey it to
complainants upon being repaid the amount loaned and advanced,

[Jordan et al. v. Garner et al.]

that the complainants had paid the amount borrowed and the deferred payment, but that the respondent, to whom such deed was made, refused to re-convey the property to them, contains equity; and upon proof of the averments, complainants will be entitled to the relief prayed for, and a decree should be rendered investing the title to the land in them.

2. *Conveyance absolute in terms; evidence necessary to declare it a mortgage.*—When parol evidence is relied upon to have a deed of conveyance of lands, absolute in its terms, declared a mortgage or security for a debt, or to have a resulting trust in lands declared, the evidence adduced must be clear and convincing.

3. *Bill to enforce trust; when evidence insufficient to authorize relief.*—In a bill filed to establish a trust in land, the complainants claimed that they purchased the lands under a parol agreement; that defendant loaned them money to make the cash payment, and became security for deferred payments; that title was taken in defendant's name to secure him, he agreeing to convey the lands to complainants on re-payment by them of his loan, and the balance of the purchase price. The only evidence to establish these facts was the testimony of one of the complainants, and of persons who derived their information from him. The testimony of the defendant, of the vendor, and of the person who took the acknowledgment sustained the claim of defendant, that he made the purchase for himself, that he made the cash payment and paid at maturity his note, executed for the deferred payment; and that he verbally promised to sell the land to the complainants, who had been unable to purchase it; and that complainants knew of the sale of part of the land by the defendant, and witnessed valuable improvements thereon, but raised no objection or claim. *Held*, that the complainants were not entitled to the relief prayed, and that the bill was properly dismissed.

APPEAL from the Chancery Court of Dale.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on February 16, 1891, by E. R. Jordan and his wife, Mattie Jordan, against Bartow Garner and John McNair. The prayer of the bill was to have a deed made by one Mrs. Gray to the defendant Garner declared a mortgage, and have the title to the land therein invested in the complainants. The defendant McNair had, prior to the filing of the bill, purchased a portion of the land involved in this suit from the defendant, Bartow Garner.

On the final hearing of the cause, the chancellor decreed that the complainants were not entitled to the relief prayed for, and ordered their bill dismissed. Complainants appeal, and assign this decree as error. The facts of the case are sufficiently stated in the opinion.

BORDERS & CARMICHAEL and W. D. ROBERTS, for appellants.

H. H. BLACKMAN, *contra*, cited Code of 1886, §§ 1732, 1845; *Heflin v. Milton,* 69 Ala. 354; 2 Leading Cases in Equity, 974–8.

COLEMAN, J.—The case made by complainant's bill is, that they verbally contracted with one Mrs. Gray to purchase a certain lot of land from her, and not having the means to make the cash payment required, procured Bartow Garner to advance, as a loan to them, the cash payment, and to become surety for the deferred payment; that to secure Bartow Garner against loss, it was agreed that the deed be executed direct to Garner, who should reconvey to complainants, upon being repaid the loan or advance made by him as the cash payment. The bill then avers, the payment by complainants of the deferred payment for the land, and also the payment of the loan or advance to Garner. The prayer of the bill is that the title be invested in complainants. Garner sold the land to different parties, who are made parties defendant, and who, it is charged, purchased with a knowledge of complainants' equities. The bill has equity, and upon proof of the averments the complainants would be entitled to relief.— *Bates v. Kelly,* 80 Ala. 142.

The answers deny all the material averments of the bill. Bartow Garner, in his answer, claims that he purchased the land for himself and on his own account; that he made the cash payment, and executed his note for the deferred payment, which he paid at maturity for himself with his own money; that Jordan voluntarily offered to sign the note for the deferred payment, which offer he did not decline, but that his name added no value to the note. He further answers, that he did verbally promise Jordan to sell him the lands, and that he held the land until Jordan satisfied him that he would not be able to pay him for the land and to dispose of it. Garner's vendee answers, and states that before concluding his purchase he spoke to Jordan, and that Jordan referred him to Garner, as the proper person with whom to contract, and set up no claim to the land. The evi-

dence shows the lots have greatly increased in value. The answers set up a complete defense to complainants' bill. There is no difficulty in the law of the case. There is no question of a legal conditional sale made by the pleadings or the evidence, and this question will not be considered. It is not pretended that there was any written memorandum of any agreement between Garner and the complainants, or either of them. Before a deed of conveyance of lands, absolute in its terms, will be declared a mortgage, or security for a debt, or a resulting trust in lands will be declared upon parol evidence, it must be clear and satisfactory.—*Adams v. Pilcher*, 92 Ala. 474, 8 So. Rep. 757; *Peagler v Stabler*, 91 Ala. 308, 9 So. Rep. 157; *Cosby v. Buchanan*, 81 Ala. 574, 1 So. Rep. 898; *Mitchell v. Wellman*, 80 Ala. 16.

There is no evidence in the record tending to show that Mattie Jordan, the wife of E. R. Jordan, owns any interterest in the lands, evidenced by any paper title, or by any parol or written agreement with Garner. Her claim is that she and her husband were equally interested in the parol agreement for the purchase of the land from Mrs. Gray, and that it was understood between her and her husband that she was to be equally benefitted in the cash advanced as a loan by Bartow Garner. It is not pretended that respondents had any notice of her claims. Unless her husband, E. R. Jordan, proves his case, she is not entitled to any consideration. Whether she has any enforceable right against her husband, will not be considered, as this question does not concern the respondents.

The testimony of E. R. Jordan fully sustains the averments of his bill. That of his wife, mother-in-law and sister-in-law, on their direct examination, go far to sustain him; but scrutinizing their testimony elicited on cross examination, and comparing it with other testimony, it is clear, that the material facts testified to by them are mere hearsay, and derived from Jordan himself. They were not present and know of no agreement, of their own knowledge, that Garner advanced the cash payment for the land as a loan. They were not present, and do not know, farther than was told them by E. R. Jordan, of any payment made at any time by E. R. Jordan, either to Mrs. Gray, from whom the land was purchased, or to Bartow Garner. On the other hand, the

evidence of Garner, that of the justice of the peace who was present when the cash payment was made, and who took the acknowledgment of the deed, and of Mrs. Gray herself, the vendor, sustain the averments of the answer. In addition, the evidence of McNair, that Jordan set up no claim to the land, and referred him to Garner, as the proper person from whom to purchase, and the further fact that Jordan knew of the sale of the lands by Garner, witnessed valuable improvements erected thereon by the purchasers without objection or claim, are conclusive facts to our minds that he is not entitled to relief.

There is no error in the record, and the decree of the lower court must be affirmed.