[Quinn v. Campbell, Admr.]

# Quinn v. Campbell, Admr.

*Statutory Action of Ejectment.*

1. *Decedent's estate; homestead exemption of widow and minor children; when selection unnecessary.*—When the area and value of a homestead, which was occupied by a decedent at the time of his death, does not exceed the limit in value allowed by law as exempt, and the homestead is not a part of a larger section of land, (Code, § 2069), a selection of such property by the widow and minor child or children, or either, is unnecessary to enforce the right of homestead exemption.

2. *Same; same; descent from mother to minor child.*—The statute providing that upon the death of any woman leaving surviving her a minor child or children, there shall be secured to such minor child or children, out of the estate of the decedent the same exemptions as are allowed by law to a widow or minor child or children on the death of the husband or father, (Code, § 2077), is applicable where the mother dies leaving a husband and minor child; and under such a provision, where the land owned by the mother was, at the time, occupied as a homestead and did not exceed in area and value the limit allowed by law, the right of exemption attached immediately upon the death of the mother, without proceedings for the purpose of having the same set apart.

3. *Same; same; same.*—Where a married woman, who owned no other property than the homestead where she and her husband lived, dies, leaving her husband and a minor child surviving her, and such homestead does not exceed in area and value the limit allowed by law as exempt, the title to such homestead vests absolutely in fee simple in the minor child (Code, § 2071), and upon the death of the minor child without brothers or sisters, the title to such property, under the statute of descent and distribution, descends to the father freed from all debts of his deceased wife and from administration.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. J. A. BILBRO.

This was a statutory real action in the nature of ejectment, brought by the appellee, George H. Camp-

bell, as administrator of the estate of Adeline S. Quinn, deceased, against the appellant George H. Quinn; in which he seeks to recover certain lands specifically described in the complaint.

The plaintiff bases his right to recover the lands sued for upon the fact that he was the duly appointed and qualified administrator of the estate of Adeline S. Quinn, who died seized and possessed of the lands in suit. The defendant, George H. Quinn was the husband of the said Adeline S. Quinn. The facts of the case which were adduced on the trial are sufficiently stated in the opinion.

On the hearing of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in his belief. The defendant duly excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge requested by him.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the giving of the general affirmative charge requested by the plaintiff, and the refusal to give the general affirmative charge requested by the defendant.

DAVIS & HARALSON, for appellant, cited *Jackson v. Wilson*, 117 Ala. 432; *Garland v. Bostick*, 118 Ala. 209; *Brooks v. Johns*, 119 Ala. 412.

L. L. COCHRAN, *contra* cited *Pollak v. McNeil*, 100 Ala. 203; *Jackson v. Wilson*, 117 Ala. 432; *Garland v. Bostick*, 118 Ala. 209; *L. & N. R. R. Co. v. Hill*, 115 Ala. 234.

TYSON, J.—The tract of land sued for, comprising thirty-eight (38) acres, was owned by the wife of the defendant at the date of her death in May, 1897. It was her homestead at that time and had been since 1893, and was all the land owned by her. Its value did not exceed $500, and her personal property at the time of her death was of less value than $1,000. She left surviving her only one child, an infant, about three or four

weeks old, an offspring of her marriage with the defendant. This infant survived its mother about three of four week, leaving as its only heir at law, the defendant. After the death of the mother, the defendant, with the child moved off the land, but continued to cultivate it. After the child's death, the plaintiff was appointed administrator of the wife's estate, and claims against the estate have been filed against it. No proceeding was had setting apart this land as exempt to the infant.—Act, 1894-95, p. 1162. The act of February 18, 1895 (now section 2077 of the Code), provides "That hereafter, on the death of any woman, who at the time of her death was a resident of this State, leaving surviving her a minor child or children, there shall be exempt from administrations of her estate in favor of such minor child or children, such property real and personal, as is now exempt by law to the widow and minor children or minor child or children on the death of the husband or father. That such property shall be set apart and appraised and held by such minor child or children as now provided by law in cases where they are entitled to such exemptions."

It is apparent from a casual reading of the language of the act above quoted, that there is nothing which supports the contention that a minor child whose mother dies leaving a husband is not within its provisions so as to enjoy the benefits conferred by it, and that only those children whose mothers are widows at the time of her death are included. Such a construction would not only do violence to the plain words used, but would in a measure strike down the spirit and policy of the enactment.

Nor is there any merit in the proposition, that the infant acquired no title to the land in controversy, because it was not set apart and appraised in a proceeding instituted for that purpose. This land being the homestead of the mother, and being all the land owned by her at the time of her death, and its value not exceeding $500, no proceeding was necessary to have it set apart and appraised. "The law intervenes in such cases

[Howard *et al.* v. Corey.]

.and attaches the right of exemption as absolutely as if the particular property had been selected, set apart and declared exempt."—*Jackson v. Wilson,* 117 Ala. 432; *Garland v. Bostick,* 118 Ala. 209.

This land being exempt to the infant was to be held by it as is provided in the act of December 13, 1892. Under that act (Acts, 1892-93, p. 138; Code, § 2071), whenever the estate of a decedent who dies leaving an estate less in value than the amount exempt by law, either real or personal property, or both, the title to such property vests absolutely in fee in the widow or widow and minor child or minor children. So then, the infant acquired *eo instanti* upon the death of its mother, an absolute fee simple title to the land involved in this suit. When the infant died, the defendant, its father, became the owner in fee of the tract, under the statute of descent and distributions, freed from all debts of his deceased wife and from administration. The affirmative charge requested by the defendant should have been given.

Reversed and remanded.