# Jacobs *et al.* Execs. *v.* Bogart.

*Action against Sureties on Administrator's Bond to recover the Amount of a Decree against the Administrator.*

1. *Action against sureties on administrator's bond; assignee of claim is a party aggrieved with right to maintain suit.*—A person who has purchased from the distributees of an estate and had duly assigned to him the claim of said distributees against the administrator of the decedent's estate as adjudged in a decree of the probate court on the final settlement of said administration, is a party aggrieved within the meaning of the statute, (Code, § 14); and can maintain an action upon an administrator's bond to recover the amount of said claim.

2. *Action of assignee of claim against decedent's estate; admissibility in evidence of power of attorney.*—In an action by the assignee of a claim against a decedent's estate, where it is shown that the plaintiff acquired his interest in said claim by an assignment to him by the agent of the distributees of the estate under a power of attorney executed by said distributees, and such power of attorney is introduced in evidence without objection and at the suggestion of the defendants, the court can not be put in error by denying the defendant's motion, subsequently made, to exclude the power of attorney so introduced in evidence.

3. *Same; admissibility of letters and receipts.*—In such a case, where the agent of the distributees of a decedent's estate, who was acting under a power of attorney, testifies that upon the payment by the plaintiff of the amount due such distributees, he transferred and assigned to him their claim and remitted to the distributees the money so paid by the plaintiff and subsequently received from them their receipt for such remittance, such letter by the agent, addressed to the

[Jacobs *et al.* Execs. v. Bogart.]

distributees, remitting the money and the receipt given by the distributees to such agent, are admissible in evidence.

4. *Pleading and practice; rulings upon pleadings; when not sufficient to authorize review.*—The mere recital in a judgment entry that demurrers interposed to specific pleadings are sustained or overruled, as the case may be, is nothing more than a memorandum of the rulings of the court, and being in no way a judgment by the court upon the demurrer referred to, such rulings will not be reviewed on appeal.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JAMES A. BILBRO.

This was an action brought by the appellee, W. H. Bogart, against J. C. Jacobs, W. A. Coffey and P. H. Coffey as executors of the will of R. A. Coffey, deceased.

James L. Allison died, and Thomas N. Allison was duly appointed as his administrator. The sureties on the administrator's bond of Thomas N. Allison were R. A. Coffey and three others. This bond was duly approved. On the final settlement of the administration of Thomas N. Allison of the estate of James L. Allison, deceased, a decree was rendered in favor of the distributees of the said estate against the administrator. Among these distributees were Josephine Ripetoe and Ida A. Ripetoe. The plaintiff brought the present action as assignee of this decree rendered by the probate court against Thomas N. Allison and the sureties on his bond in favor of Josephine Ripetoe and Ida A. Ripetoe; and averred that said decree was still due and unpaid.

The defendants interposed several pleas, in which they pleaded the statute of non-claim and the statute of limitations of six years. There were replications filed to several of these pleas, and there were demurrers interposed to said pleas and the replications filed thereto; but under the opinion on the present appeal it is unnecessary to set out in detail any of the pleadings in the case.

The judgment entry, in so far as it relates to the rulings upon the pleadings, recites that "demurrers to second plea sustained and overruled and to the 4th plea. Demurrer to the 7th plea sustained and demurrers to replication overruled."

On the trial of the case, there was introduced in evidence the record of the decree rendered by the probate

court of Jackson county against Thomas N. Allison, as administrator of the estate of James Allison, deceased, in favor of the distributees of said estate, among whom were Josephine and Ida A. Ripetoe.

John F. Proctor, as a witness for the plaintiff, testified that he represented Josephine and Ida A. Ripetoe on the final settlement of the administration of the estate of James J. Allison; that he was acting under a power of attorney granted to him by said parties, and that after the rendering of the decree in the probate court, he sold the claim of said Josephine Ripetoe and Ida A. Ripetoe to the plaintiff, and that he remitted the money so paid by the plaintiff to Josephine and Ida A. Ripetoe, and received their receipts therefor.

During the examination of said Proctor as a witness, and after he had testified to his having handed to the attorney for the defendants the power of attorney given him by Josephine and Ida A. Ripetoe, who were at the time referred to by the testimony and at the time of the trial Josephine Wooten and Ida Wofford, the bill of exceptions recites, that the said attorney for the defendants "handed the power of attorney to attorney for plaintiff, saying 'here is the power of attorney offered in evidence.'" This power of attorney recited that it was "given by Josephine Wooten, formerly Josephine Ripetoe, joined by her husband, B. F. Wooten; and Ida A. Wofford, formerly Ida A. Ripetoe, joined by her husband, F. F. Wofford." It was duly signed and acknowledged, and was in the usual form of powers of attorney.

The plaintiff then introduced in evidence a letter which he wrote to Josephine Wooten and Ida A. Wofford inclosing the money received by him from the plaintiff in purchase of their claims contained in the decree of the probate court, against Thomas N. Allison, as administrator. He also introduced in evidence the receipt from said Ida A. Wofford and Josephine Wooten, in which they acknowledged having received said money. The defendants objected to the introduction in evidence of the letter and the receipt, and moved the court to exclude the same, upon the ground that it was illegal, irrelevant and incompetent. The court overruled the objection and motion, and to each of these rulings the de-

fendants duly excepted. The witness Proctor also testified that he had endorsed on the margin of the minutes of the probate court containing the decree in the final settlement of the administration of Thomas N. Allison, the transfer and assignment of the claim of Josephine and Ida A. Ripetoe to W. H. Bogart. This indorsement on the margin was introduced in evidence, against the objection and exception of the defendants. Subsequently the defendants moved the court to exclude from the jury the power of attorney from Josephine Wooten and Ida A. Wofford to John F. Proctor, and duly excepted to the court overruling their motion. ·

There was introduced in evidence, against the objection and exception of the defendants, a letter written by Martin & Bouldin as attorneys for the plaintiff to Mrs. Ida A. Wofford and Josephine Wooten, requesting them to ratify and confirm the sale of their claim, against the estate of Thomas N. Allison to W. H. Bogart, or that they refund to said Bogart the money paid by him to them.

So far as shown by the bill of exceptions the defendants introduced no evidence.

The court at the request of the plaintiffs gave the general affirmative charge in his behalf. The defendants duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give the general affirmative charge in their favor as requested by them.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

AMOS E. GOODHUE and S. W. TATE, for appellants. The judgment on which the present suit is based was transferred by Proctor to Bogart (appellee) under a power of attorney from Josephine Wooten and Ida Wofford, which plainly authorized the collection, but not the transfer of the judgment.—*Gardner v. M. & N. R. R. Co.*, 102 Ala. 635; *Wood v. McCain*, 7 Ala. 800; *Camden Insurance Assn. v. Jones.* 53 N. J. L. 189; *Deering v. Lightfoot*, 16 Ala. 28; *Hardesty v. Newby*, 28 Mo. 567; *Padfield v. Green*, 85 Ill. 529; 1 Am. & Eng. Enc. of Law (2d ed.), 1030.

Even the acceptance of profits and the use of goods will not amount to a ratification of the agent's acts, if done in ignorance of the circumstances connected with the acts.—*Herring v. Skaggs,* 73 Ala. 446; *Howe Mch. Co. v. Ashley,* 60 Ala. 496; *Bott v. McCoy,* 20 Ala. 578; *Humphrey v. Havens,* 12 Minn. 298; *Lester v. McKinney,* 37 Conn. 9; *Bell v. Cunningham,* 3 Peters U. S. 69.

If at the time the suit was commenced Bogart could not lawfully demand of the defendant executors the payment of the judgments against Allison, administrator, in favor of Josephine and Ida Ripetoe, then the suit was wrongfully brought, and no subsequent ratification of the unauthorized transfer of these judgments could so relate back to the time of the alleged transfer as to make this suit thus wrongfully brought a good and valid suit. *Powell v. Henry & Co.,* 96 Ala. 412.

MARTIN & BOULDIN, *contra.*—Under these facts the affirmative charge was properly given at plaintiff's request. Granting for argument that Proctor, strictly speaking, had no authority to make the assignment, he was an attorney or agent with liberal powers, not a mere volunteer. His act at most was merely in excess of authority. The money was remitted in 1893, and is still retained; and entry on the margin of the record containing the cause of action of the transferrors showed that a transfer had been made, which had never been questioned for nearly six years prior to the trial and until the statute of limitations had perfected a bar against any action on the part of the beneficiaries in said decrees. Under these circumstances a presumption of ratification arises.—*Gardner v. M. & N. W. R. R. Co.,* 102 Ala. 635; *Leach v. Williams,* 8 Ala. 759.

DOWDELL, J.—The inquiry as to whether there was a valid assignment of the decrees rendered by the probate court, such as would authorize suit on the same in the name of the assignee, we think wholly immaterial, since the action in this case is not upon the judgment or decree, but on the administrator's bond. Under the principle laid down in *Leach v. Williams, et al.,* 8 Ala. 765, on the undisputed facts in this case, the plaintiff

had such an interest in the decrees as would entitle him to either sue on the decrees in the name of the parties in whose favor the decrees were rendered, or take an execution in the name of such parties, for his benefit. That the decrees were unsatisfied, is not questioned. That the plaintiff had paid his money on the decrees, which was paid to and received by the parties in whose names and favor the decrees were rendered, is likewise undisputed. Certainly these parties who have received the full amount of the decrees from the plaintiff in this suit, are in no wise aggrieved by the failure of the defendants in the decrees to pay off and satisfy the same. The plaintiff is the only party possible to be aggrieved by such a failure to pay on the part of the defendants in judgment. The rule as to parties plaintiff in suits on bonds of administrators is fixed by the statute. Section 14 of the Code of 1896 provides, that such actions may be brought in the name of the party aggrieved.

The power of attorney under which Proctor acted was introduced in evidence without objection; indeed, it was offered at the suggestion of the defendants, and the court committed no error in denying the defendant's motion subsequently made to exclude the same. The receipt and letter of Proctor which were objected to by the defendants showed that the plaintiff had furnished the money, the amount of the decrees, and that the same had been received by the owners of the decrees, and was, therefore, relevant as tending to show plaintiff's interest in the decrees.

The admission in evidence of the letters of Martin & Bouldin written after the pendency of this suit, calling upon the owners of the decrees to ratify the acts of their attorney, Proctor, in the assignment of the decrees or to refund the money paid by Bogart, the plaintiff, and which were addressed and duly posted to such owners at the last known place of their residence, if error, was error without injury. The purpose of this evidence was to show a ratification of the assignment, such as would authorize suit in the name of Bogart on the decrees, but as we have said this is not necessary in an action on the administrator's bond, where the statute authorizes suit in the name of the party aggrieved. The evi-

dence being without conflict and the material facts being established, the court properly gave the affirmative charge at the request of the plaintiff.

The first three assignments of error, which relate to the rulings of the court on the pleadings, are not insisted on in argument. Besides, the record does not show a judgment by the court on the demurrers. The mere recital in a minute entry, that the "demurrers are overruled," or "sustained," as showing the action of the court, does not constitute a judgment by the court below subject to review here. See *Carter v. Long*, 126 Ala. 280, and authorities there cited.

We find no error in the record and the judgment of the circuit court must be affirmed.

Affirmed.