# Harper *v.* T. N. Hayes Co., *et al.*

*Bill to Subject Assets of the Corporation to the Payment of its Debts.*

(Decided Feb. 7, 1907. 43 So. Rep. 360.)

1. *Appeal; Submission of Cause; Objections to Evidence.*—The cause submitted for final decree on pleadings and evidence as noted by the register, and the note of submission was silent as to any objection to evidence, and it not otherwise appearing that any objections were made on the hearing of the cause, questions raised on appeal on objection to evidence may be disregarded, as raised for the first time on appeal.

2. *Husband and Wife; Conveyance by Wife to Secure Husband's Debt; Validity.*—A conveyance by a husband and wife of the wife's separate estate to secure the debt of the husband is absolutely void and confers no title.

3. *Witnesses; Competency; Pecuniary Interest.*—The conveyance by the husband and wife of the wife's separate estate, constitut-

[Harper v. T. N. Hayes Co., et al.]

ing her homestead as security for the husband's debt, being absolutely void, the legal title to the same, under section 2077, on the death of the wife, vests in the surviving minor children and cuts off any estate by curtesy in the husband; and the husband has no pecuniary interest in the result of a suit to subject the land to the debt of the grantee under the conveyance as will disqualify him as a witness.

4. *Mortgages; Absolute Deed as Mortgage; Evidence.*—The evidence must be clear and satisfactory to show that a conveyance purporting to be an absolute deed is a mortgage.

5. *Same; Sufficiency of Evidence.*—The evidence in this case is examined and held that a deed absolute in form was intended as a mortgage.

6. *Dismissal; Grounds; Absence of Necessary Parties.*—Where it appears from the answer and testimony that there was an absence of necessary parties to the bill, the bill is properly dismissed, but without prejudice.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Bill by B. T. Harper against the T. N. Hays Company and others. From a decree dismissing the bill, complainant appeals. Modified, and, as modified, affirmed.

B. T. Harper filed his bill against the T. N. Hays Company, a corporation, H. W. Sloan, Annie G. Hays, individually and as administratrix of T. N. Hays, and Maud Webb, as an heir of T. N. Hays. The allegations are that the T. N. Hays Company is a corporation, with the principal place of business in the town of Northport, and that it has been out of business for nearly five years; that E. F. Sloan and J. J. Neilson are the only surviving stockholders; that T. N. Hays is the other stockholder, and that he is dead; that orator has a judgment in the Tuscaloosa county court in the sum of $300 against the said T. N. Hays Company; that execution has been issued thereon, and has been returned "No property found"; that during the lifetime of T. N. Hays he was the largest individual stockholder of the company, and its president and general manager; that about the first part of the year 1894 the respondent H. W. Sloan was largely indebted to said corporation on account, and in order to pay off and settle his said indebt-

edness said Sloan sold to said company, or to T. N.
Hays, now deceased, a tract of land which is described
fully in the bill; that the legal title to the same was
made to T. N. Hays in his individual capacity, and has
passed into his heirs. The deed is made an exhibit to
the bill, and shows that the land described in the bill
was deeded by W. H. and Julia Sloan to T. N. Hays. It
is alleged that Sloan is now, and has been for a number
of years, and since the making of the above deed, in pos-
session of the land therein described; that the T. N.
Hays Company has been out of business for nearly five
years, and has no property subject to execution; and
that in equity and good conscience the property above
described belonged to the said T. N. Hays Company,
and ought to be subjected to the satisfaction of orator's
judgment against the respondent's corporation. And to
this end it is prayed that the surviving stockholders of
the corporation, and H. W. Sloan, Annie Hays, individ-
ually and as executrix of T. N. Hays, deceased, and
Maud Webb, an heir of said Hays, deceased, be made
parties respondent to the bill; and prayer is made for
a sale of the land and an application of the proceeds to
the payment of orator's debt. The defendant H. W.
Sloan moved to dismiss the bill for want of equity, and
demurred to the bill on various grounds not necessary
to be here set out. Annie G. Hays and Maud Webb de-
nied the allegations of the bill and demanded strict
proof of the same. The stockholders also denied the al-
legations of the bill and demanded strict proof. H. W.
Sloan filed an answer, admitting he owed the T. N. Hays
Company about $800, and admitted the making of a
deed, but alleged the facts to be, in respect thereto, that
the account was his own, and was made for gods pur-
chased by him to be used in the store he was then oper-
ating in Northport, but the land conveyed belonged to
his wife, and made an exhibit to his answer of the deed
conveying the land to his wife from another party, and
denying that the land was or ever had been his prop-
erty. He alleges the real facts concerning the execu-
tion of the deed to be that Hays approached him con-
cerning the closing of the account and asked him to give
him some collateral that Hays could use at a bank for
the purpose of securing money, and it was agreed be-

tween Hays, respondent's wife, and respondent that she was to execute a deed to the land, and that Hays was to hold the deed as collateral. Respondent's wife was to remain in possession of the land, and Hays was to recovey the land to her at any time that the account was paid. He further alleges that his wife is dead, that her estate is insolvent, that the land conveyed was the homestead of the wife at the time of her death, and she left surviving her certain minor children named therein, and that the land really, in equity and good conscience, belonged to the children of his deceased wife, that he was in no sense a proper party to the bill, and prayed that he go hence, with his reasonable costs in this behalf expended. The other facts sufficiently appear in the opinion. On final submission of the cause the chancellor dismissed the bill, and from this decree this appeal is prosecuted.

J. J. MAYFIELD, and C. B. VERNER, for appellant.— The burden to establish by clear and satisfactory evidence that the deed from Sloan to Hayes, absolute on its face, was intended as a mortgage for the security of Sloan's debt, is upon Sloan.—*Jordan v. Garner,* 101 Ala. 414; *Adams v. Pilcher,* 92 Ala. 477; *Peagler v. Stabler,* 91 Ala. 308; *Downing v. Woodstock Co.,* 93 Ala. 262. H. W. Sloan was incompetent to testify as a witness, Hays being dead.—§ 1794, Code 1896; *Hayas v. Building & Loan Association,* 124 Ala. 663. The proposition that a deed absolute on its face may be declared a mortgage by a court of equity, does not apply ad cannot be extended to third parties or strangers; especially, when they are bona fide purchasers of judgment creditors without notice of the secret equity.—*Reeves v. Brooks,* 80 Ala. 26; 2 Hermann on Estoppel, §§ 1100-1101-1113; 3 Devlin on Deeds, § 1141.

HENRY FITTS. for appellee.—On the admitted facts in this case upon the death of Mrs. Sloan no estate passed to her husband and the title vested absolutely in her minor children.—*Quinn v. Campbell,* 126 Ala. 280. The evidence clearly establishes that the sole purpose of Mrs.

12

Sloan's deed was to secure the debt of her husband. The inadequacy of consideration and the fact of the continued possession of the grantor is the strongest evidence that the paper was intended as a mortgage.—*McCoy v. Gentry,* 73 Ala. 105; *Parks v. Parks,* 66 Ala. 326; *Turner v. Wilkinson,* 72 Ala. 361; *Glass v. Heironymous Bros.,* 125 Ala. 140. The conveyance of a wife's land absolute in form, but intended only as a mortgage for the husband's debt, has no force or effect as against the heirs of the wife and the rights of the creditor whose debt is so secured is limited to the curtesy estate of the husband.—*Bone v. Lansdon,* 85 Al.a 562, s. c. 90 Ala. 446. Sloan had no pecuniary interest and the mere fact of relationship to one of the parties of the suit does not disqualify.—*Myers v. Myers,* 141 Ala. 343; *Haraway v. Haraway,* 136 Ala. 506; *Stevenson v. Stevenson,* 6 Tex. Civ. App. 529; *Albany Co. etc. McCarty,* 149 N. Y. 71. His testimony was contrary to the interest which is asserted to disqualify him.—*Street v. Street,* 113 Ala. 333. This alone would take him without the statute.—*Hill v. Hilton,* 80 Ala. 528. The interest which disqualifies is a direct and immediate conflict in the issue being tried. —*Hill v. Hilton, supra; Huckabee v. Abbott,* 87 Ala. 410; *Schulman v. Fitzpatrick,* 62 Ala. 571; *Mancgold v. Life Ins. Co.,* 131 Ala. 182. There is nothing in the contention of appellant that the act approved Feb. 8, 1895, (Acts 1894-5, p. 1162) is unconstitutional.—*State v. Rogers,* 107 Ala. 444.

DOWDELL, J.—This cause was submitted in the court below by the parties for a final decree on the pleadings and evidence as noted by the register, and it is from the final decree rendered on this submission and hearing that the present appeal is prosecuted. The note of submission made by the register is silent as to any objection or objections by either party to the evidence, or any part of the evidence, offered, and it does not otherwise appear that any objections to the evidence were made to the court on the hearing of the cause. For this reason we might now disregard questions here raised on objections to evidence as being now raised for the first time.

The undisputed evidence in the case shows that the 30 acres of land sought to be subjected by the complainant was the separate estate of Mrs. Julia Sloan, the legal title to which resided in her. If the conveyance, which purported on its face to be an absolute deed from H. W. Sloan and Julia Sloan to T. N. Hays, conveying the 30 acres in question, was intended by the parties to be and operate as a mortgage and to secure the debt of the husband, H. W. Sloan, it was absolutely void as a security by the wife for the husband's debt, and therefore conveyed no title. The evidence without dispute further shows that the 30 acres formed a part of the wife's homestead, upon which she and her husband at the time resided, and which in area was less than 160 acres and in value less than $2,000. If the conveyance was void for the reason that it was made on the wife's land to secure a debt of the husband, then at the death of Mrs. Julia Sloan the legal title to the homestead vested in the minor children surviving her, cutting off any estate by curtesy to the husband.—Code 1896, § 2077; *Quinn v. Campbell*, 126 Ala. 280, 28 South. 676. This being true, H. W. Sloan had no such pecuniary interest in the result of the suit as would disqualify him to testify as a witness in the case.

If E. T. Sloan, by reason of being a nominal stockholder of one share in the T. N. Hays Company, could be said to be a person having a pecuniary interest in the result of the suit, affecting his competency as a witness, which we do not decide, the fact remains that he was called to testify by the persons to whom his interest was opposed. It is a well-settled rule that, when a conveyance which purports on its face to be an absolute deed is sought to be shown to be a mortgage, it must be done by evidence that is clear and satisfactry.—*Jordan v. Garner*, 101 Ala. 414, 13 South. 678; *Adams v. Pilcher*, 92 Ala. 477, 8 South. 757; *Peagler v. Stabler*, 91 Ala. 308, 9 South. 157.

We think the evidence in this case very clearly and satisfactorily shows that the deed in question was intended to operate as a mortgage. All the circumstantial facts in the case are corroborative of the testimony of the witness along this line. It appears, from the an-

swer of the respondent Sloan and the testimony on which the cause was submitted for final decree, that the children, heirs at law of Mrs. Sloan, deceased, were necessary parties to the bill, and they were not made parties. This was sufficient to justify the chancellor in dismissing the bill; but it should have been dismissed without prejudice, and to that extent the decree will be here modified, and, as modified, will be affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.